STATE of Missouri, Respondent,

v.

Jimmie BAINES, Appellant.

No. 51075.

Supreme Court of Missouri,

Division No. 2.

Oct. 11, 1965.

Norman H. Anderson, Atty. Gen., John H. Denman, Asst. Atty. Gen., Jefferson City, for respondent.

James A. Bell, St. Louis, for appellant.

PRITCHARD, Commissioner.

· By amended information it was alleged that defendant had been convicted and imprisoned for the commission of three prior felonies, and it was therein charged that he did, on June 8, 1963, have in his possession and under his control 8.75 grams of the narcotic drug, the plant, Cannabis Sativa, commonly called marijuana, a felony under § 195.020, RSMo 1959, V.A.M.S.

Defendant in writing and orally before the court waived trial by a jury, and the same was accepted and trial was to the court. At the conclusion of the case the court made extensive findings of fact and conclusions of law upon the whole case and also upon defendant's motion to suppress evidence (the marijuana) which was first submitted to another judge in pretrial hearing and which was refiled during the trial. Defendant was found guilty of the offense presently charged, and it was further found that he had committed the alleged prior felonies. Assessment of punishment was thereafter made at ten years imprisonment in the Department of Corrections. Defendant was allowed an additional thirty days within which to file a motion for new trial, which was filed on June 22, 1964, and overruled on September 8, 1964. In accordance with the previous assessment of punishment, the court, on September 15, 1964, sentenced defendant to ten years imprisonment in the Department of Corrections, and upon the same day defendant duly filed his notice of appeal.

■ Defendant has filed no brief. In this circumstance we review the case upon matters properly presented in the motion for new trial and upon the record matters specified in Supreme Court Rules 28.02 and 28.08, V.A.M.R.; State v. Jackson, Mo., 369 S.W.2d 199, 200 [1].

On June 8, 1963, officer Robert Richters of the St. Louis Metropolitan Police Department was in the neighborhood of 834 North Kingshighway in St. Louis, Missouri, at about 11:55 p. m. He entered a building at that address and went to the third floor thereof (defendant's residence). As Richters was about to knock on the door of the third floor it was opened by a Negro man who later identified himself as Jimmie Baines. Richters was then in front of the door with Detective Hoskins also on the steps just to the rear of him and a little to his right. Officers Jones and Lewis later came up behind the first two officers. Richters announced himself to be a police officer, and saw defendant throw a package, a small manila envelope, on the floor. Richters retrieved and examined the package which contained a greenish, "tobaccoish" looking substance. He asked defendant what the package contained, and defendant answered that it contained marijuana. Richters placed his own initials on the package, put it into his pocket and later delivered it to Lieutenant Dell Watts who was in command of the police laboratory. When Richters turned over the envelope to Lieutenant Watts, they both signed a property receipt. When produced at the trial, Richters identified his initials and defendant's name on the envelope which he had placed thereon at the time of the arrest. He also identified the substance produced by the state at the trial as being similar to that which was in the envelope at the arrest. Lieutenant Watts did not testify.

William H. Storer, chemist in the St. Louis Police Department Laboratory, identified State's Exhibit 1, being an evidence envelope containing a yellow manila envelope (above identified by Richters) and a cardboard pillbox. Storer had received the envelope contents from Lieutenant Watts, his superior in the police laboratory. Thereafter he made an analysis of the contents and determined that they were dried leaf fragments of the plant Cannabis Sativa, otherwise known as marijuana, 8.75 grams. The pillbox which he had received from Lieutenant Watts contained a short segment of a burned cigarette butt, also being marijuana.

The court permitted Storer to relate the regular procedure and custom of the police laboratory in handling items of evidence. He testified that all of the laboratory personnel could accept evidence. When a piece of evidence is brought to the police laboratory for examination and is accepted by a member of its staff, an evidence receipt is made out. Such receipt provides pertinent information concerning the evidence. A copy thereof is retained with the evidence, and a carbon copy is given to the submitting officer. If the evidence is not examined at that time it is placed in an evidence locker until such time as it will be examined. The original evidence receipt, State's Exhibit 2, was produced by Storer and admitted into evidence. When he received the envelope, State's Exhibit 1, from Lieutenant Watts, it contained the evidence receipt, State's Exhibit 2. The custom and practice with reference to making out receipts is invariable and has existed for at least the five years of Storer's tenure.

At the time Storer received the envelope, State's Exhibit 1, which contained an envelope which was part of its contents, the name "Jimmie Baines" was written thereon and also the initials "R.L.R." The contents of the envelope on the day of trial were in the same condition as when he received them. Until the morning that he testified, the envelope, State's Exhibit 1, was in a locked evidence cabinet at the police department laboratory where it was placed after Storer made his analysis of the contents on June 10, 1963.

On cross-examination, Richters stated he was with his brother officers at the address above stated looking for a person known to him to be a prostitute, one Sherrie Taylor. When he went into the apartment where defendant was he searched it, but did not have any warrant for defendant's arrest. At the time he first entered, Sherrie Taylor was sitting at a kitchen table with one Mickens, and defendant was clad only in his undershorts and a track shirt. All three of these persons were arrested, and all subsequently released, Sherrie Taylor being released when a city information against her for prostitution was refused. Prior to the officers going to the building they had received complaints that prostitution was being carried on there and that there was a large amount of male traffic in and out of that place.

Officer Hoskins testified that he was behind Richters at the time he started to knock upon the door and at which time defendant opened it. No one else was with them at that time. Hoskins saw defendant and his act of throwing a package from his right hand to the floor. He also heard Richters question defendant as to what was in the package and defendant's answer that it was marijuana. Through the open door of the third floor apartment Hoskins could see Sherrie Taylor, about whom the complaint of prostitution at the address had been made to the officers, and Elvis Mickens sitting at a table. Officers Jones and Lewis came up to the apartment after the arrest of defendant, Sherrie Taylor and Mickens had been accomplished. Hoskins described the building at 834 North Kingshighway as having a stairway leading from the first floor to the second floor landing, then to the third floor where there was a hallway about four feet wide. The door which defendant opened was practically in front of the center of the stairway and about four feet away.

Defendant's motion for new trial in its paragraph "b" attacks the court's ruling on his motion to suppress evidence (the marijuana). He contends that the "search and seizure as herein made, violated defendant's rights under Section 15 and 19 *or* article 1, of the constitution of the State of Missouri, and amendment 5, 14, and 15 of the constitution of the United States * * *." The first reason (1) urged is that there existed no probable cause for his arrest. The evidence above set forth indicates otherwise. Officer Richters and his companions came to the residence of defendant to investigate a complaint of prostitution. Defendant of his own volition opened the door to his third floor apartment. As he stood there he dropped an envelope in plain view of two officers. He was asked what the envelope contained and he answered that it was marijuana. That showed the commission of a felony under § 195.020, supra, and it was in the officers' presence. "Police officers are authorized to arrest upon reasonable cause to suspect that one is guilty of a felony, either upon their own knowledge or upon facts 'communicated to them by others * * *.'" State v. Witt, Mo., 371 S.W.2d 215, 218 [4, 5]. Certainly an officer would be justified to arrest without warrant one who actually had the possession of marijuana, a felony, within his presence and which he had observed. State v. Jefferson, Mo., 391 S.W.2d 885, 888 [1, 2]. Here, there was no seizure of the envelope containing the marijuana. Defendant threw it to the floor in plain view of the officers, after which officer Richters picked it up. In State v. Jefferson, supra, loc. cit. 391 S.W.2d 888 [3, 4], the pertinent rule is stated, "Where the articles sought to be suppressed were in plain sight of the arresting officer, were dropped or thrown away by the person arrested, and were picked up by the officers, the articles are admissible in evidence over an objection that they were seized as the result of an unlawful search." See also the analogous case of State v. Owens, Mo., 391 S.W.2d 248, where the defendant, within the view of the arresting

officer, threw upon the ground a quantity of heroin which was in a chewing gum wrapper, and it was held (loc. cit. 391 S.W. 2d 252) that "the arrest was lawful and certainly as to the heroin, the only offense involved here, there was no invasion of the right of 'the people' to 'be secure in their persons * * * from unreasonable searches and seizures' * * *."

■ The second reason urged, that the entry was made as a result of an illegal trespass, and third, that the entry and the impending seizure were void from their inception, are obviously without merit under the above facts and cited cases.

■ Assignments "c", "d" and "e" relate to the admissibility of the envelope and its contents originally dropped by defendant in his apartment. He says that the court erred in admitting "certain envelopes and certain notes under the guise of records kept in the general course of business," and "that there was a break in the chain of possession of the narcotics in question and the testimony did not by circumstantial evidence exclude every reasonable hypothesis that the narcotics in evidence were one and the same as were admitted in evidence, * * *." Although there is some discussion in the record as to whether the narcotic envelope, when it reached the police laboratory, was a business record, the trial court did not rule the matter upon that ground but upon his conclusion that the chain of possession was sufficiently traced. By defendant's last quoted assignment, above, we assume that he meant to say that the evidence did not exclude every reasonable hypothesis that the narcotic in evidence was the same as that dropped by defendant prior to his arrest. The evidence need not exclude every possibility that something in the interim of police possession disturbed or interfered with the exhibit. It is sufficient if the evidence shows reasonable assurance that it was the same and in the same condition. See State v. Smith, Mo., 222 S.W. 455, 459 [6]; and the concurring opinion in State v. Myers, 351 Mo. 332, 172 S.W.2d 946, 951. The evidence here, to which we have alluded, positively shows that the exhibit of the narcotic contents and envelope was identified as the same or similar and was in the same condition at the trial as when dropped by defendant. The court did not err in overruling the motion to suppress evidence on any of the alleged grounds, and assignments "c", "d" and "e" are overruled.

■ Assignment "a", that the finding of the trial court is against the weight of the evidence and the law, is insufficient to preserve anything for review. Supreme Court Rule 27.20(a), V.A.M.R., State v. Butler, Mo., 353 S.W.2d 698 [2]. We remark in passing that the evidence adduced was certainly sufficient to support the trial court's finding of defendant's guilt in possessing marijuana as charged.

Defendant's last assignment "f", that the "seizure in question was in violation of defendant's rights under article 15 and 19 of the constitution of the United States of America," is vague and is also repetitive of the constitutional questions presented and above ruled. Assignments "a" and "f" are overruled.

No errors appear in the matters specified for our review in Supreme Court Rules 28.02 and 28.08, V.A.M.R.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.