STATE of Missouri, Respondent,

v.

Gregory Earl BEAL, Appellant.

No. 56398.

Supreme Court of Missouri,
Division No. 1.

Dec. 13, 1971.

Motion for Rehearing or to Transfer to Court En Banc Denied Jan. 10, 1972.

John C. Danforth, Atty. Gen., Charles B. Blackmar, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Harvey J. Schramm, Clayton, for appellant.

WELBORN, Commissioner.

Appeal from judgment of conviction for robbery in the first degree with a deadly weapon. A jury in the St. Louis Circuit Court found Gregory Earl Beal guilty of the offense. The jury being unable to agree on punishment, the court sentenced Beal to six years' imprisonment.

This case arose out of a holdup at Rosery Florist, Incorporated, at 4035 West Florissant in St. Louis. The robbery occurred at about 3:00 P.M., March 9, 1970. Three employees of the shop were forced to lie on the floor by a Negro wearing a blue jacket who took money from the cash register and two of the employees. The next day, one of the employees, Miss Meyer, was in a soda shop across the street from the florist shop when she saw a man whom she recognized as the robber approaching the soda shop. She returned to the florist shop, called the attention of another of the victims, Mr. McCarter, to the man across the street and he likewise recognized him as the robber. Police were called and Mr. McCarter went in the police car in search of the man he had seen. They drove around the neighborhood and saw appellant here coming out of a tavern a short distance from the florist shop. McCarter recognized appellant as the man whom he had just seen and as the robber. Police placed him under arrest in a barber shop next to the tavern. At the trial, Miss Meyer and Mr. McCarter identified appellant as the robber.

Appellant testified in his own behalf that he was at his home at the time of the robbery. Members of his family testified in support of his defense. They also testified that defendant did not own a blue jacket like the state's witnesses said the robber wore and that he had no gun.

The defendant offered as a witness Dr. Frank McMahon, a professor of psychology at Southern Illinois University. The first assignment of error here arises out of the trial court's ruling on his testimony. Doctor McMahon was offered as an expert witness in the field of perception, particularly in the recognition by humans of others under conditions of stress. He testified that the "most notable" experiment in which he had participated in that area involved "stooges" who enter a classroom, rough up the instructor, steal papers, push over the podium, etc. After the persons have been in the classroom four or five minutes, they leave and students are then asked to describe the intruders. The wit-

ness was asked whether or not he had empirical data on such experiments and the trial court sustained the state's objection to any testimony as to the results of particular experiments. When the state's objection was sustained, the defense made the following offer of proof:

"I would make an offer of proof that this gentleman would testify that human beings under conditions of stress are prone to error in identifying people, and these human beings from one race are difficult to identify."

That is exactly what the witness was permitted to testify.

The following questions were propounded to the witness and the answers received:

"Question: Doctor, can you tell us in general the scientific fact regarding perception and recognition of human beings under conditions of stress, not going into any particular experiment, what is known among the people in general? A It is extremely poor under stress, identification of people."

"Doctor, is it accepted in the psychological community as a scientific fact that perception by human beings under conditions of stress is extremely poor? A Clearly."

"In the field of perception and recognition of members of one racial group by members of another racial group, what is the accepted finding in the psychological community with regard to the scientific fact surrounding that area? A In general, unless the white man and the black man —I am using 'man' in the general term; unless they are acquainted with one another, in general identification of a black by a white is poor, and of a white by a black is poor."

■ Although the offer of proof failed to show what empirical data the witness proposed to present as a result of his experiments, the complaint of appellant here is based upon the refusal of the trial court to permit such evidence. The absence of an offer of proof would be adequate rea-

son for finding no error in the trial court's ruling.

■ However, even an offer of proof would not have rendered the trial court's ruling erroneous. The trial court properly excluded evidence of the results of experiments under circumstances dissimilar from those of the case under consideration. State v. Allison, 330 Mo. 773, 51 S.W.2d 51, 54(II), 85 A.L.R. 471; State v. Truster, Mo.Sup., 334 S.W.2d 104, 110[12]. The argument that appellant here was denied the opportunity to show similarity of conditions is without merit because of the obvious dissimilarity between the circumstances of the experiment and the case before the court.

Appellant further objects here that the trial court's inconsistent attitude toward and treatment of the expert witness, evidenced by inconsistent and prejudicial remarks about the competency of the expert, produced reversible error. The remark particularly objected to is as follows: "I think the jury will have to pass on this but they may be aided if they so desire by an expert if they want to accept the gentleman as an expert, and that is entirely up to the jury."

■ No objection was made at the time of the remark nor was the question preserved in the motion for new trial. This is not such a matter as calls for review under the plain error rule, Supreme Court Rule 27.20, V.A.M.R., and, without intimation that the remark was erroneous, the absence of objection below precludes the claim of error here advanced.

Appellant also assigns as error an unobjected to remark of the trial court in its preliminary explanation to the jury of the procedure and its function. In the course of his remarks, the trial judge stated: "[Y]ou are going to be the judge of the facts, you are going to pass on the credibility of the witnesses, you are going to decide what is to be believed or what is to be disbelieved, or what the burden of proof is and whether it has been met."

In view of the fundamental character of the state's burden of proof in a criminal cause, we will examine the objection here raised under the plain error rule. Supreme Court Rule 27.20, V.A.M.R. See State v. Reeder, Mo.Sup., 395 S.W.2d 209, 211[4].

Appellant acknowledges that in the trial court's written instructions to the jury at the close of the evidence, an adequate and proper instruction on the burden of proof was given. His argument is that, during the hearing of the testimony, the jury's mental attitude was conditioned by the judge's erroneous statement and their attitude could not be wholly corrected by the proper instruction at the close of the case.

This argument must be rejected. The trial court's remark was a part of a rather lengthy explanation of the course which the trial would follow and of the respective functions of the judge and of the jury. No emphasis was placed on the burden of proof proposition. The written instruction on the burden of proof, coupled with the closing argument of defense counsel, directed almost exclusively to raising a reasonable doubt as to the guilt of the accused, provided the jury with an adequate standard for their deliberations. Only upon retiring for the deliberation did the issue of burden of proof become significant to the jury. They at that time knew what standards they were required by the court's instructions to apply. We will not presume that the prior remarks of the court regarding the burden of proof made it impossible for the jurors to apply the standards which were given them.

The final contention of the appellant is that the trial court erred in refusing to grant a new trial on the grounds of newly discovered evidence. The alleged newly discovered evidence was that a juror, in examining a photograph of appellant introduced in evidence by the appellant, observed a date "November 28" noted on the reverse side of the photograph, which caused him to believe, erroneously, that the photograph had been taken on that date rather than on March 10, the day after the robbery. Without going into detail as to the basis for the claim of prejudice, it is obvious that the basic thrust of appellant's argument is that a juror misconstrued the meaning of an item of evidence introduced by the defendant, without knowledge of its existence. The only method of proof of this allegation would require testimony by the juror, not offered, which would in any event be inadmissible to impeach the verdict. State v. McDaniel, Mo.Sup., 392 S.W.2d 310, 317–318[18, 19]; State v. McGinnis, 320 Mo. 228, 7 S.W.2d 259, 260[4]. The trial court's denial of new trial on this basis was not error.

Judgment affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.