**STATE of Missouri, Respondent,**

v.

**Ronald McCRARY, Appellant.**

**No. 56128.**

Supreme Court of Missouri,
Division No. 2.

April 10, 1972.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Bell, Fullwood, Wilson & Harris, by James A. Bell, Allen I. Harris, St. Louis, for appellant.

HENLEY, Judge.

By an information alleging three prior felony convictions in 1961 (one of which was for illegal sale of a narcotic drug) defendant was charged with illegal possession of heroin, a narcotic drug, in August, 1969. Sections 195.020 and 556.280, RSMo 1969, V.A.M.S. Defendant waived a jury and the case was tried before the court. The court found defendant guilty and sentenced him to imprisonment for a term of ten years. Section 195.200(2). Defendant appeals. We affirm.

Defendant relies on two points for reversal of his conviction: (1) that the court erred in failing to suppress evidence (heroin) seized in a search of his person, because there was no probable cause for his arrest or the search; (2) that the court erred in admitting the testimony of a police chemist, because there was a break in the chain of custody of the substance she described as heroin.

By agreement, defendant's motion to suppress evidence was heard and considered in connection with the evidence on guilt or innocence.

Burleigh Howell, a St. Louis police officer, testified that on August 18, 1969, at about 10:45 p. m., he saw defendant driving an automobile without taillights and directed him to pull his automobile over to the curb near 5501 Page in the City of St. Louis; that defendant stopped at the curb, got out of his automobile, and walked toward the officer standing beside the police car; that he told defendant he was under arrest for driving without taillights; that defendant handed him a driver's license receipt; that as he was writing out a ticket or summons for the defective automobile offense, defendant suddenly reached for his right hip pocket; that this alarmed him because he did not know whether defendant had a weapon; that he grabbed defendant's right arm, put handcuffs on him, and found in defendant's right rear pocket two condoms full of white powder which defendant said was heroin; that he then told defendant he was under arrest for possession of heroin.

Officer Howell further testified that he also found on defendant's person two white envelopes containing red and white pills; that he placed his initials on the condoms and white envelopes and placed them and their contents in an evidence envelope, placed his initials on it and delivered it to Joe Stevens, a police chemist, at the police department laboratory; that Mr. Stevens opened the evidence envelope, removed the contents, examined some of the white powder, and immediately returned the contents to the envelope; that the initials on the exhibit (the evidence envelope and its contents, including the heroin-filled condoms and the two white envelopes) are his initials which he had placed there before delivery to the laboratory.

Merilyn Ruemmler, a chemist at the police department laboratory, testified that she obtained the exhibit (the evidence envelope and its contents), later identified by Officer Howell as being the items delivered by him to the laboratory, from the evidence locker, tested it for the presence of narcotics a few minutes before appearing in court, and found that the white powder was heroin. She further testified that the ordinary routine and usual course of business in the laboratory is that evidence is brought in by police officers in an evidence envelope, the envelope is given a laboratory number and that number recorded in the laboratory's record, the envelope is opened and the contents examined or analyzed, the contents are returned to the envelope, the envelope is sealed, and it is then placed in a locker in a securely locked room where it is available only to laboratory personnel; that when she obtained this evidence from the locker room on the day of the trial it was still sealed.

Defendant presented no evidence.

Defendant relies heavily on State v. Meeks, Mo., banc, 467 S.W.2d 65, as support for his contention that the court erred in failing to suppress the evidence seized

from his person. The principal opinion in that case specifically mentions that the issue it decides is limited to " * * * the validity of a search of the appellant's *car* and not the validity of a search of his *person.*" 467 S.W.2d at 66. That decision, the force of which is questionable,[1] is not applicable to the facts in this case. Nor is Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 cited by defendant, applicable to these facts.

 In this case the officer made a lawful arrest for driving without a properly equipped automobile. While the officer was in the process of preparing a summons, defendant by his actions caused the officer to believe that his personal safety was being threatened. He grabbed defendant, searched for a weapon, and in the course of the search found the heroin. While defendant argues that the arrest was a pretext for conducting the search, there is nothing in this record to support that position. The arrest was lawful and there was probable cause for the search and seizure incident to the arrest. The trial court did not err in overruling defendant's motion to suppress and in admitting in evidence the fruits of the search. State v. Moody, Mo., 443 S.W.2d 802; State v. Robinson, Mo., 447 S.W.2d 71.

There is no merit in defendant's contention that because there was a break in the chain of possession of the heroin, the testimony of Merilyn Ruemmler was not admissible. The evidence on possession demonstrates clearly that there was no break; the evidence accounts for possession of the heroin from the moment of its seizure to its appearance at the trial, and this accounting affords reasonable assurance that it was the same at trial as it was when taken from defendant. State v. Rose, Mo., 428 S.W.2d 737; State v. Baines,

Mo., 394 S.W.2d 312; State v. Watson, Mo., 386 S.W.2d 24.

The judgment is affirmed.

All of the Judges concur.

---

1. Its author in Division I and one other judge concurred in the principal opinion; two judges concurred in result only; and three judges dissented.