**STATE of Missouri, Plaintiff-Respondent,**

v.

**Daniel Webster FOSTER, Jr., Defendant-Appellant.**

**No. 34846.**

Missouri Court of Appeals,
St. Louis District.

Jan. 16, 1973.

Motion for Rehearing or Transfer
to Supreme Court Denied
Feb. 13, 1973.

Shaw & Howlett, Terry J. Flanagan, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Gene McNary, Pros. Atty., Thomas E. Dittmeier, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

McMILLIAN, Judge.

This is an appeal from a judgment of conviction entered by the Circuit Court of St. Louis County upon a jury verdict finding defendant guilty of sodomy. Originally defendant was charged under an indictment; however, an information was substituted therefore alleging prior convictions. Consequently, the court, having found of record that the Second Offender Act, 556.-280 RSMo 1959, V.A.M.S., was applicable, sentenced defendant to the Department of Corrections to serve a term of fifteen (15) years. Defendant appealed. We affirm the judgment of conviction entered by the trial court.

Defendant raises two points on appeal: (1) error in the admission of evidence because the chain of custody was broken; and (2) that verdict was illegal because one juror, during the course of the trial, took notes and referred to them during the course of the deliberations and allegedly influenced other jurors.

In support of defendant's first contention, he argues because of a break in the chain of custody the laboratory report should not have been admitted; and that the testimony of the laboratory technician based thereon was inadmissible. This for the reason that the State did not show a reasonable assurance that the slides upon which the laboratory technician's testimony was based were the same as made up by the doctor. State v. Baines, Mo., 394 S.W.2d 312, cert. denied, 384 U.S. 992, 86 S.Ct. 1900, 16 L.Ed.2d 1008 (1966).

Dr. Daniel Fabito testified that on the night of the assault he conducted a rectal examination of the seventeen year old victim, J—— C——. He took specimens which he placed on slides and in a saline

solution in a test tube, ordering the specimens to be tested for the presence of sperms. To make sure that the slides and saline suspension were matched up to the defendant, Dr. Fabito signed slips with J_____ C_____'s name and the date. These exhibits were then given to a young lady in the emergency room to be taken to the laboratory for examination. Ms Barbara Whitman, the laboratory technician, testified that she removed the three slides and saline suspension solution from the laboratory refrigerator. All were labeled J_____ C_____ and dated, and it was these specimens which she tested. In State v. Baines, supra, cited by defendant, the court said:

"* * * The evidence need not exclude every possibility that something in the interim of police possession disturbed or interfered with the exhibit. It is sufficient if the evidence shows reasonable assurance that it was the same and in the same condition. * *"

■ In our case the doctor testified as to the customs and practice which he followed; i. e., (1) the preparation of the slides and test tube saline solution; (2) identification by date and name of patient by signed slips; and (3) the delivery of the exhibits by the emergency room girl to the laboratory. Ms Whitman picked up the procedure with placement of the marked slides and test tube in the laboratory refrigerator and subsequently removal for examination. In our opinion, the chain of evidence rule was amply satisfied and the evidence indicates that proper safeguards were taken to insure that the specimens examined were the ones taken from J_____ C_____ by the doctor. So, the testimony and finding from the exhibits was proper; accordingly, this contention is ruled against the defendant.

The second issue arose during the hearing on the motion for a new trial. The juror testified that she deliberated with the jury and concurred in the results. She was not allowed to testify concerning the deliberations. Defendant offered to prove that she would testify, if permitted, that she voted to acquit, stating that the only thing that would change her mind was a written transcript of the testimony. After an abortive effort to get the transcript, she claimed that a fellow-juror read to her some notes purportedly from the trial. Thereafter, a unanimous guilty verdict was returned, and the record shows that each juror was polled as to whether the verdict returned was his verdict. Each answered in the affirmative.

■ Defendant claims that Section 547.020(1), RSMo 1959, V.A.M.S. and Supreme Court Rule 27.19, V.A.M.R., provides:

"The trial court may grant a new trial . . . (1) When the jury has received any evidence, papers, . . . not authorized by the court . . ."

Nevertheless, the rule is well established that a jury speaks only through its verdict and that a juror will not be heard to impeach a verdict, whether the alleged misconduct occurred inside or outside the jury room. State v. McDaniel, Mo., 392 S.W.2d 310. In the same tenor is State v. Beal, Mo., 474 S.W.2d 830, that testimony by a juror as to misconduct is inadmissible to impeach the verdict. Moreover, State v. McDaniel, supra, holds that the matter of granting a new trial on account of misconduct of a jury reposes within the discretion of the trial court. Here the jury was polled; all the alleged misconduct took place within the jury room; all the surrounding circumstances were considered by the trial court, and a new trial was denied. We hold the offered testimony was properly excluded. On the other hand, while we are aware that under our decisions it is improper for a juror to take notes, yet neither the record proper nor the unverified motion for a new trial affirmatively shows that defendant did not have knowledge of the facts before the jury retired to deliberate. State v. Robinson, 117 Mo. 649, 23 S. W. 1066. Therefore, this point is also ruled against the defendant.

We have considered all assignments of error that were preserved for review and find them to be without merit. The defendant was present and represented by counsel throughout the trial, including his allocution and sentencing. We have also examined the parts of the record and entries designated by Criminal Rules 28.02 and 28.08, V.A.M.R., and find them to be proper in form and free from error.

The judgment is affirmed.

DOWD, C. J., and WEIER, J., concur.