**Ross O'Dell CAREY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 26734.**

Missouri Court of Appeals,
Kansas City District.

June 3, 1974.

DIXON, Chief Judge.

This is an appeal from an order of the hearing court in the Sixteenth Judicial Circuit in Kansas City, Jackson County, Missouri, overruling movant's Rule 27.26 RSMo 1969 V.A.M.R. motion to vacate a judgment and sentence entered on his January 27, 1971 conviction of first degree burglary. The order of the trial court is affirmed.

Both judgment and the 7½ year sentence were affirmed by the Supreme Court of Missouri in State v. Carey, 486 S.W.2d 443 (Mo.1972).

Movant asserts two points on this appeal. He asserts denial of effective assistance of counsel because, in closing argument, his paid counsel allegedly admitted the presence of the defendant on the premises burglarized. Movant also claims failure of counsel to include in his motion for new trial, or at any time to present to the trial or appellate court, the fact that one of the jurors had asserted that she voted for the guilty verdict in an effort to accommodate other members of the jury due to the late hour on the day the verdict was rendered.

In the course of movant's counsel's closing argument at trial, he made the following statement:

"If you find only that some men were where, if you even find that he was there, you have not crossed the second hurdle."

Movant claims such argument by his trial counsel in effect conceded defendant's presence in the house found to have been burglarized. He says that the above statement proves his counsel failed to act as his advocate; that it is a concession of one of the crucial elements of first degree burglary, i. e., physical presence at the scene of the crime.

From the entire closing argument, it appears movant's trial counsel made the above statement to emphasize to the jury that mere physical presence at the scene of the alleged crime, no matter who

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Philip H. Schwartz, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

was physically present, does not, in and of itself, prove the crime charged. The statement is not an admission of the movant's presence. It is clear that counsel used such statement in an effort to delineate to the jury the elements of the crime charged.

The ultimate test of the adequacy and effectiveness of counsel is whether the defendant has had a fair trial. Hall v. State, 496 S.W.2d 300 (Mo.App.1973).

The question thus is whether the lower court was clearly erroneous in finding that movant did have a fair trial and the effective assistance of counsel. Crosswhite v. State, 426 S.W.2d 67 (Mo.1968).

The closing argument at trial indicates that the lower court was clearly correct and not erroneous in denying the motion. Throughout movant's attorney's closing argument, he severely questioned the sufficiency of State's evidence that placed movant at the scene of the crime. The thrust of the argument was that movant was not proved to be at the scene of the crime and that the State did not prove all elements of the crime. The trial court clearly and specifically in its findings found that there was no admission the defendant was present at the scene of the crime. That finding is unquestionably correct when the statement is viewed in context. There is no evidence to indicate that movant was denied a fair trial due to his attorney's statement in closing argument.

■ Movant's second assertion is that his counsel was ineffective in dealing with a post-trial statement by one of the jurors. Hearsay evidence of the juror's statement was admitted in the original hearing below for the purpose of determining the effectiveness of counsel with relation to it. The juror's statement was to the effect that she yielded in voting for the guilty verdict because of the late hour; that she voted guilty because the other jurors wanted to go home. Movant claimed his trial attorney was ineffective for not bringing the court's attention to the juror's post-trial statement in the motion for new trial or otherwise.

Movant is totally without legal support for his argument that he was denied a fair trial due to the juror's statement. When the jury was polled by the court, at the request of movant's attorney, each juror individually indicated that he affirmed the guilty verdict. As stated in State v. Foster, 490 S.W.2d 659, 661 (Mo.App.1973), "[T]he rule is well established that a jury speaks only through its verdict and that a juror will not be heard to impeach a verdict, whether the alleged misconduct occurred inside or outside the jury room." The testimony of the individual juror would be necessary to prove movant's charge. However, the testimony of the juror would be inadmissible to impeach the verdict. State v. Beal, 474 S.W.2d 880 (Mo.1971); State v. McDaniel, 392 S.W.2d 310 (Mo.1965). State v. Hungate, 98 S.W.2d 537 (Mo.1936), is factually squarely relevant to this problem. A juror signed an affidavit stating that the jury foreman was allowed to sign the verdict "in order that the jury might go home early." As here, in open court, no juror in that case indicated any dissatisfaction with the verdict. The affiant there stated that his consent never entered into the verdict. "The law is well settled that traverse jurors, by oral testimony or by affidavit, may not impeach their verdict." State v. Hungate, supra, l. c. 538. It is clear that movant's attorney stood on solid legal ground in not asserting in his motion for new trial or otherwise that the verdict was unfair due to the juror's post-trial statement. The trial court in considering this claim in the hearing below considered State v. Foster, supra, and correctly applied it to these facts. The trial court's comment is appropriate, "I can find no fault with Mr. . . . in not pursuing a shadow." The failure to pursue such a "shadow" cannot predicate a finding of ineffectiveness of counsel. The order of the trial court in overruling the motion and denying relief is affirmed.

All concur.