**STATE of Missouri, Respondent,**

v.

**Armon Lee LANG, Appellant.**

No. 36867.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 6, 1976.

Howard Paperner, James C. Jones, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Brendan Ryan, Circuit Atty., Richard G. Callahan, Asst. Circuit Atty., St. Louis, for respondent.

RENDLEN, Judge.

Defendant Armon Lee Lang, convicted by a jury of robbery first degree and sentenced to fifteen years imprisonment, appeals from his conviction, raising two assignments of error: (1) insufficiency of the evidence to sustain the verdict; and (2) insufficiency of the chain of custody to permit admission of fingerprint evidence.

■ When examining the record to determine the sufficiency of the evidence, we "view the evidence most favorable to the State, accepting all substantial evidence and all inferences fairly deducible therefrom which tend to support the verdict." *State v. Reynolds*, 521 S.W.2d 486, 487[1] (Mo.App.1975); *State v. Lee*, 492 S.W.2d 28, 30[1] (Mo.App.1973). At the outset we note the testimony of the robbery victim established all elements of the crime charged, except positive identification of appellant as her assailant. Since the main thrust of appellant's argument relates to alleged insufficiency of his identification as the robber, we review the record with particular emphasis on that aspect of the testimony.

The jury could find from the evidence that on June 28, 1974, Evelyn Price, resident manager of the Pierre Chouteau Apartments Hotel on 4440 Lindell, lived in an apartment off the lobby, the door to which was usually locked. At about ten o'clock that morning, appellant rang the bell and entering alone, inquired about a job. Learning none was available, he requested a job application form which Ms. Price provided, went to the lobby where he remained for some time, then returned the partially completed form to her office. As Ms. Price accommodated him by completing the form, appellant grabbed her by the throat from behind, held a gun to her head and demanded money. He took her ring, diamond wristwatch and $40 from her purse, then searched the apartment. Finally, he went down to the darkened garage, forced her in a corner stating, "Now you stay here twenty minutes or I'll kill you." When she thought he had gone, the police were called and the responding officer broadcast information of the crime, the stolen articles and the robber's description.

Later that morning appellant offered to sell the watch and ring to William Logan, an employee of the Royalty Motel on North Kingshighway. Shortly thereafter, Logan described appellant to Police Officer Wheeler who was there investigating another crime and from that description Wheeler

found appellant a short distance from the motel. When questioned, appellant ran. In the ensuing chase the officer saw appellant drop a shiny object before he was caught and retracing the chase route, Officer Wheeler found the stolen watch.

Ms. Price described the robber as a Negro male, six feet, 140 pounds, black hair, wearing a blue denim jacket and pants but was unable to pick appellant from a lineup that afternoon. When appellant was arrested shortly after the robbery, he was wearing red checkered pants. Though she could not make positive identification, the robber seized Ms. Price by the throat from behind and held a gun on her the whole time, making positive identification somewhat difficult.

■ Numerous facts re-enforced the identification evidence, including appellant's flight when questioned and his possession of the stolen watch following the robbery. It is well-settled that "[p]ossession by a defendant of recently stolen property is admissible in evidence as a fact which the jury may consider in determining whether or not the defendant was the person who committed the robbery or burglary with which he is charged . . . and when this possession is established, it gives rise to a permissible inference of guilt of the robbery or burglary he is charged with committing." *State v. Lee*, 491 S.W.2d 317, 320[3] (Mo.banc 1973); *State v. Cobb*, 444 S.W.2d 408, 414[9] (Mo.banc 1969); *State v. Kennedy*, 396 S.W.2d 595, 598[2] (Mo.1965).

■ Further, the employment application form Evelyn Price handed her assailant bore appellant's fingerprints and this evidence alone was sufficient to satisfy the identification requirement. In a case such as this, fingerprints which could only have been made at or near the time of the crime by the person committing it are strong circumstantial evidence and may themselves be sufficient to support a verdict of guilty. See *State v. Simmons*, 528 S.W.2d 8, 9–10[2–5] (Mo.App.1975), and cases cited therein. As we shall presently discuss, the employment application form bearing appellant's fingerprints was properly admit-

ted, notwithstanding appellant's protest to the contrary.

■ Though appellant, when arrested, wore trousers of different color and pattern than that described by Evelyn Price and though she was unable to positively identify him as the robber, she could recall numerous identifying features. The discrepancies in the State's testimony, pointed up by appellant, go to the weight of the evidence which is for the jury to evaluate. *State v. Hill*, 438 S.W.2d 244, 248[8] (Mo.1969); *State v. Spraggins*, 368 S.W.2d 407, 410–411[3–6] (Mo.1963). Considering all the evidence in the light most favorable to the State, we find a submissible case was made and rule against appellant's first contention of error.

■ Appellant next challenges the admissibility of the employment application form which bore appellant's fingerprints, asserting the exhibit's chain of custody was not sufficiently shown. Rejecting this contention, we point out that to establish a chain of custody "[t]he evidence need not exclude every possibility that something in the interim of police possession disturbed or interfered with the exhibit. It is sufficient if the evidence shows reasonable assurance that it was the same and in the same condition." *State v. Baines*, 394 S.W.2d 312, 316[7] (Mo.1965), cert. den. 384 U.S. 992, 86 S.Ct. 1900, 16 L.Ed.2d 1008 (1966); *State v. McCrary*, 478 S.W.2d 349, 351[2] (Mo.1972); *State v. Foster*, 490 S.W.2d 659, 661 (Mo. App.1973). "The state is not required to account for hand to hand custody of the evidence between the time it is obtained and the time it is admitted into evidence, nor need it be continually watched to establish a chain of possession." *State v. Heather*, 498 S.W.2d 300, 306[10] (Mo.App.1973); *State v. Rogers*, 523 S.W.2d 344, 348[9] (Mo. App.1975). "The purpose of such a requirement is to prevent tampering or alteration of exhibits or any substitution." *State v. Rose*, 428 S.W.2d 737, 740[3] (Mo.1968); *State v. Taylor*, 486 S.W.2d 239, 243[6] (Mo. 1972).

In the case at bar, a man fitting appellant's description came alone to the apartment, inquired about a job and the manager gave him the job application form which he returned to her. Only the "applicant" and Ms. Price handled the application form until a Police Evidence Technician placed it in an envelope later that morning "so as not to contaminate it" and delivered it for processing to the Police Evidence Laboratory. There a "laboratory evidence receipt" showing the fact of receipt and the date of delivery was issued. Criminologist Marilyn Ruemmler sufficiently detailed the manner such records are kept to qualify the "laboratory evidence receipt" as a business record. The envelope containing the exhibit was placed in an evidence locker and later chemically processed to render latent fingerprints visible. These prints on the application form were expertly compared with those of appellant and found to be the same. The exhibit's custody and journey were traced from appellant's hands the day of the crime to the court's custody the day of trial. See *State v. McCrary,* 478 S.W.2d 349, 351[2] (Mo.1972). The danger of substitution of evidence or the possibility of defendant's touching the evidence at some other time were essentially eliminated.[1]

Appellant's principal challenge to the "chain of custody" is that the "laboratory evidence receipt" was read by the witness but not offered in evidence, violative of the best evidence rule. However, the point was not properly raised nor preserved for review. Pertinent portions of the testimony follow:

"Q. [Circuit Attorney] Is that receipt a part of the laboratory record?

A. [Criminologist Ruemmler] Yes, it is attached to the evidence and it remains with it until such time as it leaves the laboratory and then it is filed in a case jacket in the laboratory, with the number assigned to that case.

Q. Are those records made at or near the time of events which they depict?

A. They are made at the time the evidence enters the lab, when it comes over the counter, that's when the ledger sheet is made out.

Q. Do you have a record paper, a receipt of that employment application?

A. I do.

Q. What was the date it was received?

MR. PAPERNER: I object. Improper foundation laid.

THE COURT: Overruled. You may answer.

THE WITNESS: The date received on the receipt is 6–28–74."

The question "what was the date it [the employment application] was received" simply asked the witness to recall and recite a date. The objection "improper foundation laid" was properly overruled since the witness was qualified to discuss the records of her office and the question called for her present recollection of a fact. Though the answer was nonresponsive, in that she apparently *read* the date from the "laboratory evidence receipt," no objection was made to the answer, no other relief was requested and nothing preserved for review. It is clear that "a trial court is not to be held to have committed error in admitting testimony for a reason not presented to it . . . reasons urged in a brief which were not advanced to the trial court are of no avail." *State v. Stevens,* 467 S.W.2d 10, 18[4] (Mo. 1971), cert. den. 404 U.S. 994, 92 S.Ct. 531, 30 L.Ed.2d 546 (1971). See also Rule 84.-13(a) V.A.M.R., and *State v. Eaton,* 394 S.W.2d 402, 404[1, 2] (Mo.1965).

Finally, the "receipt" could properly have served as a memorandum to refresh the witness' memory. *State v. Freeman,* 489 S.W.2d 749, 753[7–11] (Mo.App.1973). If proper objection to the answer had been made, the answer stricken and the witness had demonstrated she had no present recollection of the date, the record discloses a proper foundation for admission of the "receipt" as a business record or for its admission as past recollection recorded. *King v.*

---

1. Appellant does not contend and the evidence excludes the possibility that he could have handled the application at some other time. See

*State v. Watson,* 386 S.W.2d 24, 31[11] (Mo. 1964), app. dis. 381 U.S. 275, 85 S.Ct. 1458, 14 L.Ed.2d 431 (1965).

*Furry,* 317 S.W.2d 690 (Mo.App.1958), 32 C.J.S. Evidence § 696, p. 946, et seq. In any event, the purported error (if such) was not reversible under Rule 84.13(b) V.A.M.R., since witness Ruemmler's answer supplying the date was merely cumulative of prior witness Day's testimony that he had delivered the exhibit on June 28, 1974, to the laboratory.

The judgment is affirmed.

WEIER, P. J., and McMILLIAN, J., concur.