**STATE of Missouri, Respondent,**

v.

**Tommy Turner BURNETT, Appellant.**

**No. KCD 28164.**

Missouri Court of Appeals,
Kansas City District.

July 6, 1976.

Terry E. Brummer, Columbia, for appellant.

John C. Danforth, Atty. Gen., Charles L. Howard, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from conviction of possession of more than 35 grams of marijuana. §§ 195.017, 195.200, RSMo 1969. The appellant does not challenge the sufficiency of evidence except to question whether there were breaks in the chain of custody of ten bags purported to contain marijuana, State's Exhibits 5 through 14, sufficient to render them inadmissible. Affirmed.

On September 24, 1974, at approximately 9:00 a. m., William R. Simpson informed Sergeant Bill D. Smith of the Missouri State Highway Patrol that he had just observed a man placing a large quantity of green vegetation in a van parked alongside Interstate Route 70 west of Columbia. Sergeant Smith pursued the van east on I–70, radioed for assistance, and later stopped the van east of the intersection of I–70 and U.S. Highway 63 South. Upon observation of the green vegetation in the van, Sergeant Smith arrested the driver, defendant Tommy Turner Burnett, for possession of marijuana. Deputy Miller and Deputy Ehrsam of the Boone County sheriff's office assisted in stopping the van. Deputy Miller stayed with the van at the scene and when it was towed to the sheriff's office; Deputy Ehrsam transported the defendant to the sheriff's office; Sergeant Smith proceeded to the sheriff's office. At the sheriff's office, these officers locked the van and sealed it with stickers. Later in the day, Sergeant Smith, assisted by Deputy Ehrsam and Trooper Bruning, removed the vegetation from the van, inventoried it, and put it in plastic bags which were tied and marked with evidence tags. The bags were then taken to the jail garage for storage. Deputy Matney was the jailer on duty and he closed the garage door to complete the storage operation. Sergeant Smith identified State's Exhibits 5 through 14 as "the bags

that were used when we took the plant material from the vehicle and * * * put it in the bags and these are the tags that was put on them when we marked them."

On September 25, 1974, Sergeant Smith went to the jail where Deputy Lory Rennie was present, loaded the bags, Exhibits 5 through 14, on a truck and transported them to the Trace Substance Laboratory at the University of Missouri. No one was present at the laboratory and Sergeant Smith restored the bags at the jail garage with Deputy Rennie present.

On September 26, 1974, Sergeant Smith again obtained Exhibits 5 through 14 from the jail with Deputy Rennie present and delivered them to Steve Morris at the Trace Laboratory Center.

Deputy Thomas D. Miller participated in the arrest of defendant Tommy Turner Burnett at approximately 9:15 a. m., September 24, 1974, near the intersection of I–70 and U.S. 63 South in Boone County. Following the arrest, Deputy Miller stayed with defendant's van and contents while it was being towed to the sheriff's office where it was sealed and secured by Sergeant Smith.

Jailer David H. Matney was present at the jail on September 24, 1974, at approximately 5:10 p. m., when Sergeant Smith and his assistants (Deputy Ehrsam and Trooper Bruning) "unloaded a van and put eight containers of evidence in the garage," after which he closed and locked the garage.

On September 25, 1974, at approximately 3:15 p. m., Trooper Smith came to the garage and, with jailer Matney's help, loaded the evidence, after which jailer Matney closed the garage. At 4:50 p. m., Sergeant Smith returned the evidence and jailer Matney put it in the garage and locked the door.

On September 26, 1974, Dr. Steve Morris, senior research chemist for the University of Missouri at the Environmental Trace Substance Research Center, received Exhibits 5 through 14 (ten bags) from Sergeant

Smith and delivered them to Terry Baxter who does analyses for the Center.

Terry Baxter accepted the delivery of Exhibits 5 through 14 from Sergeant Smith and Doctor Morris for analysis. His analysis showed that each of Exhibits 5 through 14 contained marijuana, the total weight of which was 57,661 grams, 127 pounds. Later on September 26, 1974, due to lack of storage space at the laboratory, and after his analysis, Terry Baxter returned the evidence to the police department where it was given to Officer Heidy. In the course of the analysis, Mr. Baxter worked on ten bags of evidence material. He was assisted by Susan Bryan, his technician. She helped separate leaves from stalks and, after the analysis, helped reseal the bags.

On September 26, 1974, Detective John Heidy of the Columbia Police Department met Terry Baxter at the sheriff's office to receive evidence that Mr. Baxter had analyzed. He received Exhibits 5 through 14 (ten bags) which he stored in the sheriff's property locker overnight. On the following day, in the presence and with the assistance of Deputy Bruce Martin, he obtained the bags and transferred them to the basement of the Daniel Boone City-County Building for storage under lock and key. In October, 1974, Detective Heidy gave his key to the storage room to Bobbi Sue Arnold, evidence custodian for the prosecuting attorney, and on the day of trial assisted Mrs. Arnold in bringing the bags from their storage to the courtroom. The only other key was in custody of Deputy Martin.

Appellant charges the court erred in overruling defendant's objection to introduction of State's Exhibits 5 through 14 "because there were fatal breaks in the chain of custody of these exhibits rendering them inadmissible." He asserts that the burden of the State in maintaining and showing a continuous chain of custody is such that it should include evidence to exclude the possibility of tampering with the evidence. He argues first that the State failed to meet that burden in that it appears that Sergeant Smith delivered ten bags of evidence to the chemist, Terry Bax-

ter, which were allegedly taken from defendant, and Deputy Matney recorded that he received eight bags from Sergeant Smith at the time of their first storage, ergo, "Somewhere between the Boone County Jail and the Environmental Trace Substance Laboratory, two additional bags of evidence appeared." Appellant argues also that the chain of custody was shown to have been broken by the testimony of Terry Baxter that his technician, Susan Bryan, had access to and handled some of the evidence, and that he was prejudiced when she was not called to testify.

◼ The chain of control, custody, or possession requirement is to prevent alteration of or tampering with exhibits or any substitution. *State v. Orr,* 493 S.W.2d 374, 377 (Mo.App.1973); *State v. Lemon,* 504 S.W.2d 676, 684 (Mo.App.1973); *State v. Winters,* 525 S.W.2d 417, 426 (Mo.App.1975). To meet this burden, the State is not required to exclude every possibility of these occurrences, *State v. Baines,* 394 S.W.2d 312, 316 (Mo.1965), nor to show that some credible witness retained the exhibit in his personal possession or under constant watch, *State v. Rose,* 428 S.W.2d 737, 740 (Mo.1968). "All that is necessary to establish a chain of custody of an exhibit is that the evidence must afford a reasonable assurance that the exhibit was the same at trial as it was when first obtained. It is sufficient if the evidence shows reasonable assurance that the exhibit is the same and in the same condition." *State v. Rogers,* 523 S.W.2d 344, 348[10] (Mo.App.1975).

◼ Appellant's first argument and his quoted conclusion fail to consider that Exhibits 5 through 14 started as ten bags of vegetation taken from defendant's van, and they remained as ten bags throughout the custody chain with a single exception, the notation "eight bags" made by jailer Matney. The chain, as previously detailed, meets the "reasonable assurance standard" as applied in similar cases, e. g., *State v. Rogers,* supra; and the discrepancy noted goes to the weight of the evidence rather than to its admissibility. *State v. Thomas,* 360 S.W.2d 694, 698 (Mo.1962).

In answer to appellant's second argument, it is sufficient to observe that access to evidence by laboratory personnel other than the chemist who testified does not destroy the adequacy of the chain of custody. *State v. Winters,* supra; *State v. McCrary,* 478 S.W.2d 349, 350 (Mo.1972); *State v. Foster,* 490 S.W.2d 659 (Mo.App. 1973).

Judgment affirmed.

All concur.