**STATE of Missouri, Plaintiff-Respondent,**

v.

**James E. BREWER, Defendant-Appellant.**

No. 10455.

Missouri Court of Appeals, Springfield District.

April 27, 1978.

Vernie R. Crandall, Frieze, Crandall & Crawford, Carthage, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before HOGAN, P. J., and KENNEDY, CROW and BACON, Special Judges.

HOGAN, Presiding Judge.

Defendant James E. Brewer stands convicted of the sale of marihuana which, by the provisions of § 195.017(2)(4)(j), RSMo Supp.1973, was a Schedule I controlled substance at the time the sale took place on January 20, 1975. The Second Offender Act, § 556.280, RSMo 1969, was found to be applicable and the trial court assessed defendant's punishment at imprisonment for a term of five years. Defendant appeals.

Upon review after a judgment of conviction, the State is entitled to have the evidence and the reasonable inferences to be drawn therefrom taken in the light most favorable to the State, disregarding defendant's evidence to the contrary. *State v. Cobb,* 444 S.W.2d 408, 412[3] (Mo.banc 1969); *State v. Gardner,* 558 S.W.2d 395, 397[1] (Mo.App.1977). So condensed and summarized, the evidence is that one Donald Lipp, a member of the Missouri State Highway Patrol's Special Intelligence Unit, went to a tavern or bar in Joplin during the early part of the night on January 20, 1975. The defendant entered the bar and Lipp engaged him in conversation. After the two had talked for some time, defendant asked if Lipp would be " . . . interested in buying a lid of grass." Lipp replied that he would be, "depending on the price." Defendant "said $15.00." Defendant then told Lipp that the marihuana "was in the car and if [Lipp] wanted to, [he] could go out there and see it . . ." Lipp and the defendant stepped outside where the defendant's automobile was parked. The defendant unlocked the car, opened the

glove compartment and removed a small plastic bag of " . . . dark leafy type plant material that had seeds and stems inside of the package." Lipp put the plastic bag in his pocket and handed the defendant a twenty-dollar bill. Defendant gave Lipp five dollars change. A subsequent test of the material in the plastic bag disclosed that it was marihuana; it was stipulated that the contents of the bag weighed 21.1 grams, which is approximately ½ ounce. It was shown in evidence that Trooper Lipp was 36 years of age. The evidence was sufficient to support the judgment of conviction. § 195.200(1)(5), RSMo Supp.1973, and see *State v. Gardner, supra,* 558 S.W.2d at 397–398[1, 2].

■ The defendant testified and called several witnesses. Admitting that he was in possession of marihuana on January 20, 1975, defendant raised the special defense of entrapment, claiming he was induced to commit the crime through the use of improper police tactics. The jury was duly instructed upon the defense of entrapment and the State's verdict-directing instruction, Instruction No. 6 (MAI–CR 14.10), duly negatived that defense. Defendant has nevertheless pursued the matter in this court, arguing that evidence bearing on his special defense was improperly excluded. We need not discuss this argument at length. It is true that several times during the trial the trial court excluded evidence offered by the defendant. Some colloquy between the court and counsel followed but counsel made no tender or offer of proof. In such circumstances, we cannot hold that the trial court erred. *State v. Beal,* 474 S.W.2d 830, 832[1] (Mo.1972); *State v. Cook,* 412 S.W.2d 441, 444 (Mo.1967); *State v. Arnold,* 206 Mo. 589, 597, 105 S.W. 641, 643[2] (1907).

■ The defendant's final point is that the trial court erred in failing to declare a mistrial and discharge the jury because of improper final argument by the prosecutor. During closing argument, the prosecutor stated "we are here today with the trial of a man for selling drugs on the streets of Joplin," and also remarked, "[T]he question is selling drugs and do you want drugs sold on the streets of Jasper County"? Defendant argues that such statements constituted an inflammatory appeal calculated to arouse the personal hostility of the jurors toward the defendant.

We cannot agree. There was evidence that the sale of marihuana was made outside a bar on a public street in Joplin. It could thus be inferred that defendant sold marihuana on the streets, and certainly, marihuana is a drug in the eye of the law. A prosecutor has the right to draw any inference from the evidence which he believes in good faith to be justified, and the trial court has considerable discretion in the latitude to be permitted in the argument of counsel. *State v. Smith,* 527 S.W.2d 731, 733[6, 7] (Mo.App.1975). The inference argued was reasonable, and we find no abuse of discretion. We find the contention to be without merit.

There is no error in any respect properly preserved for review here, and accordingly the judgment is affirmed.

All of the Judges concur.