Robert Cornelius THOMPSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 39634.

Missouri Court of Appeals, Eastern District, Division Three.

April 17, 1979.

William J. Shaw, Public Defender, James W. Whitney, Patrick Sanders, Asst. Public Defenders, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Richard Thurman, Asst. Attys. Gen., Jefferson City, George R. Westfall, Pros. Atty., Fran Carpini, Asst. Pros. Atty., Clayton, for respondent.

REINHARD, Presiding Judge.

Defendant appeals from his jury conviction for the sale of a Schedule I controlled substance, to-wit: heroin. § 195.020, RSMo (1969). He was sentenced under the Second Offender Act to five years imprisonment, said sentence to run concurrently with the two year sentence for burglary he previously received.

On appeal, defendant does not challenge the sufficiency of the evidence. It is therefore unnecessary to recite the facts surrounding the alleged sale to St. Louis County narcotics agents.

Defendant's first point on appeal is directed to the trial court's sustaining of an objection to defense counsel's following comment during the voir dire examination of prospective juror Horan:

"All right. One of the other things that might come into play here is an instruction concerning the range of punishment in this case."

We find no error in the court's ruling for while counsel is permitted reasonable latitude in examining prospective jurors, the trial court has considerable discretion in the control and conduct of the voir dire examination. An appellate court will interfere only when the exercise of that discretion shows a manifest abuse and a real probability of injury to the complaining party. *State v. Mudgett,* 531 S.W.2d 275[2] (Mo. banc 1975); *State v. Hines,* 567 S.W.2d 740[3] (Mo.App.1978). Counsel may not tell the veniremen what the court's instructions

will be, nor may counsel inform the jury of the law applicable to the case. *State v. Knapp,* 534 S.W.2d 465[4] (Mo.App.1975).

In the present instance, the jury panel had already responded affirmatively to the court and prosecuting attorney's inquiries regarding their willingness and ability to follow the law. Although defense counsel made no record regarding the purpose of this question, defendant now claims the court's ruling prevented him from ascertaining the views of the prospective jurors as to punishment. Defendant contends that since the allegations as to the Second Offender Act are matters to be properly pleaded and proved, and because the punishment issue is still within the jury's province until the prior conviction has been proved by the State, that he had the right to know the prospective jurors' views regarding punishment.

Even assuming a defendant is entitled to question the members of the panel regarding their views on punishment during voir dire, in order to intelligently make peremptory challenges and discover bias, counsel may not inform the jury of the court's instructions. As the prior conviction was subsequently proved by the State without objection, the jury had no opportunity to determine punishment. It is evident that defendant was not prejudiced in any way by prohibiting defense counsel's comment to the panel.

Defendant next contends that the trial court erred by admitting into evidence the heroin capsules exhibited at trial as those allegedly purchased from defendant and subsequently analyzed and found to contain heroin, because the State failed to establish an adequate chain of custody. Our review of the evidence convinces us otherwise. Following the heroin sale, St. Louis County Police Officer Woodland returned to the Department of Drug Abuse, packaged the heroin capsules in an envelope, wrote his name and defendant's name on the envelope, sealed and taped the package and locked this evidence in his own evidence locker. Woodland testified that, on his next working day, he removed the envelope from his locker, noted that it was in the same condition as when he placed it there, and took the envelope to the laboratory for chemical analysis of the capsules. Woodland conveyed the envelope to a chemist at the laboratory who placed his initials on the envelope and assigned the evidence a laboratory number. Although this chemist did not testify at trial, Robert Roither, Director of the St. Louis County Police Laboratory, testified that he received the evidence that same day from the receiving chemist for purposes of analysis. Roither stated that the envelope was sealed when received by him, and that the name of defendant, Woodland, the chemist's initials and the laboratory number, all appeared on the envelope.

Because the chemist to whom Officer Woodland had given the envelope (and from whom Roither had received the envelope for analysis) was not called to testify at trial, defendant argues that the envelope was not properly identified as containing the capsules seized from defendant so as to establish an adequate chain of custody. There is no merit to this claim. The state is not required to account for the hand to hand custody of evidence in order to establish the chain of custody, nor to exclude every possibility that an exhibit had been disturbed. *State v. Lang,* 536 S.W.2d 52[6] (Mo.App.1976); *State v. McClain,* 536 S.W.2d 45[3, 4] (Mo.App.1976); *State v. Heather,* 498 S.W.2d 300[10] (Mo.App.1973). Rather, it is sufficient if the evidence demonstrates with reasonable assurance that the exhibit was the same and in identical condition. *State v. Baines,* 394 S.W.2d 312[7] (Mo.1965); *State v. Duncan,* 540 S.W.2d 130[20] (Mo.App.1976). The evidence of continuous possession established by the testimony of Officer Woodland and Laboratory Director Roither provides such reasonable assurance. See *State v. McCrary,* 478 S.W.2d 349[2] (Mo.1972) and *State v. Pernell* (Mo.App.E.Dist. Feb. 27, 1979).

Judgment and sentence affirmed.

GUNN and CRIST, JJ., concur.