**STATE of Missouri, Respondent,**

v.

**Marion B. HANCOCK, Appellant.**

No. 54645.

Supreme Court of Missouri,
Division No. 2.

March 9, 1970.

John C. Danforth, Atty. Gen., Jefferson City, Charles A. Blackmar, Asst. Atty. Gen., for respondent.

Martin Anderson, Kansas City, for appellant.

PRITCHARD, Commissioner.

The dispositive issue is whether the trial court erred in receiving evidence of other thefts in this case in which appellant was charged for the crime of burglary of a building on August 1, 1967. A prior felony offense was alleged, and found by the court, the jury found appellant guilty, and the court sentenced him to five years imprisonment in the Department of Corrections.

On August 2, 1967, State Patrolman Richard Liedorff saw a 1965 or 1966 Oldsmobile traveling west on U. S. Highway 36 about thirteen miles west of Brookfield, Missouri. The car had extensive damage to its front and rear, and made an excessive

amount of noise, as by a defective muffler. Liedorff turned around and followed the Oldsmobile, lost it, and then found it again on a narrow, dirt road south of Highway 36 and parked behind a tree in the brush. Two men were standing outside it; appellant and John Savage. The back of the car was lower than its front and Liedorff asked the men if they would mind opening the trunk, and neither had any objection. Liedorff did so and saw in the trunk boxes of shoes, boots, cellophane packs of shorts, T-shirts and socks—it was completely packed. There was also a large crowbar, a large screwdriver and a pipe wrench, all of which were old. He would call them burglar tools used "to pry and get into things."

One of the men, appellant perhaps, rode back to Brookfield with Liedorff and the other drove the Oldsmobile. When they arrived there, Liedorff placed both men under arrest for burglary. A list was made of the articles found in the car and placed for safekeeping in the Brookfield Police Station, being later delivered to the Sheriff of Daviess County, Leland Houghton. Liedorff identified the Oldsmobile's owner as John Savage, and the two men told him Savage was driving it.

Harry Ahart was the owner of the store, Bill's Toggery, in Pattonsburg, Missouri. He found it to have been entered through its rear door, which was opened by means of a transom over it which had been forced. There was a little pry mark almost in the corner of the transom. He missed some merchandise from the store—shoes, a few pants and a few shirts. As to State's Exhibits, articles found in the Oldsmobile, he could say the shoes were definitely his; others looked like his, he handled the brands, but he could not swear they were his. He did recognize his marks, handwriting on shoes, Wolverine boots and black Bondshire oxfords.

Coming to the portions of testimony to which appellant objected and which here he presents for reversible error, Sheriff Leland Houghton testified he investigated several burglaries in Pattonsburg on Au-gust 1, 1967, arriving there about 5:00 a. m. He arrived at Bill's Toggery around 9:00 a. m. and found a transom over the rear door pried open. He received a call from State Patrol headquarters asking if he knew appellant and John Savage, and he told the Patrol they were under suspicion of burglary in the county at the time. Sheriff Houghton was then asked: "Q. (By Mr. Leopard) And tell us the articles that—the other articles that were in there that were turned over to you by Trooper Liedorff, and what disposition was made of it. Now, go ahead and read it. A. This list of articles was later identified by Marvin Barnes of Jamesport, Missouri, as stolen from his farm southeast of Jamesport over in Livingston County—." [Objection on the ground that the witness was testifying to an incident that had nothing to do with the charge; the statement was made for the purpose of trying to prejudice the jury against the defendant, and to inflame their minds.] [Objection overruled.]

Sheriff Houghton then stated that an 18″ pipe wrench, red handle, Ridgid brand, was later identified by Flora Helms of Pattonsburg. A radio and tools, some power tools, were identified by Lyle Warford "as stolen from his place," and a list of property was "identified by Leslie Stout of Pattonsburg as stolen from his cafe." Appellant made continuing objections to all of this testimony, and then asked that the jury be discharged. The state asked the court to instruct the jury to disregard anything which was the result of any other burglaries. "We will just attempt to show who identified the stuff." Appellant's counsel advised the court: "Such instruction will fall on deaf ears. It has already gone to the jury, your Honor." The last objection was overruled and the court stated, "I will instruct the jury, however, that they are to disregard any statements by Mr. Houghton regarding any other burglaries, or that any other burglaries were committed. The evidence which he has testified to will be limited to the fact that other property was found in the car in which the defendant was an occupant. But as far

as any comments—hearsay statements—by the witness as to the occurrence of other burglaries, you are instructed to disregard that, and the same is stricken from the record."

The testimony as to other theft incidents did not here cease. Sheriff Houghton testified that some property turned over to him by Liedorff belonged to Mr. Barnes. "Q. What was that? A. Well, in the burglary there was a saddle and a bridle taken." [Same objection; overruled.] "THE WITNESS: And also a chain saw." Houghton found the chain saw later at Roy Hancock's (appellant's brother) and he took it and gave it back to Marvin Barnes. Sheriff Houghton further testified that appellant's mother told him that Roy Hancock (appellant's brother) bought the chain saw from appellant and Savage. Roy Hancock testified that he bought the chain saw from Savage (alone) for $10 when appellant was present at Roy's home and while they were working on appellant's car as "shade tree mechanics." The chain saw was in Savage's car trunk. Marvin Barnes testified that a number of box end wrenches and a chain saw were missing from his farm on June 13, 1967, and the wrenches were returned to him several months later by Sheriff Houghton, who some months after that returned the chain saw.

■ The general rule is that on a prosecution for the commission of a crime, evidence of other offenses is not admissible. State v. Ingram, Mo., 286 S.W.2d 733; State v. Hendrix, Mo., 310 S.W.2d 852; State v. Griffin, Mo., 336 S.W.2d 364; State v. Burnett, Mo., 429 S.W.2d 239; 22A C.J.S. Criminal Law § 683, p. 741 et seq. The reason for the rule is that proof of distinct crimes violates an accused's right to be tried for the offense for which he is charged. State v. Shilkett, 356 Mo. 1081, 204 S.W.2d 920. While the sufficiency of the evidence to make a submissible case against appellant for the instantly charged burglary of Bill's Toggery is not questioned, it is obvious that all the state had is appellant's presence in an automobile owned and driven by John Savage wherein goods which had been in the store owned by Mr. Ahart were found in the trunk. It is highly doubtful that the mere presence of appellant with Savage would be sufficient to show a joint possession of property stolen from the burglarized store building as to justify an inference of guilt under the doctrine of recent, unexplained and exclusive possession of such stolen property. See State v. Holmes, Mo., 434 S.W.2d 555; State v. Worsham, Mo., 416 S.W.2d 940; State v. Webb, Mo., 382 S.W.2d 601. There was nothing in evidence to place appellant at the scenes of the burglaries of either Bill's Toggery or the Stout building (burglarized by someone the same night) in Pattonsburg. Appellant's guilt of the charged burglary could not under this record be sustained unless by proper evidence of other theft offenses in the case under exceptions to the general rule, supra, of exclusion of the evidence of such other offenses. Those exceptions are stated in State v. Niehoff, Mo., 395 S.W.2d 174, 180 [4]: "However, 'the recognized exceptions to the rule are where the evidence of other crimes tends to establish: (1) Motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the defendant.'"

■ The inquiry is then whether the proof of the other thefts was sufficient to implicate appellant in *their* commission, so as to justify an inference that he had the requisite intent to commit the charged burglary, *and more importantly whether appellant and John Savage were engaged in a common scheme or plan, or a course of conduct,* to burglarize and steal leading up to and including the instantly charged burglary. There is no direct evidence that appellant and Savage ever agreed or conspired to commit a series of burglaries and thefts. Considering first the Stout burglary, nothing places appellant at the scene —the only thing in evidence is that some of

Stout's missing property was found in Savage's car trunk. Evidence of that theft offense did not tend to implicate appellant in any way with the presently charged burglary.

As to thefts from Flora Helms, there was no showing as to when they occurred, and nothing placed appellant at the scene thereof. So also with thefts from Lyle Warford, and the theft of box end wrenches from Marion Barnes. As to the chain saw, Sheriff Houghton (by hearsay, not objected to) testified that appellant's mother told him that appellant and Savage sold the saw to Roy Hancock. The saw was missing from Barnes' farm on June 17, 1967. The *time* of the sale to Roy Hancock is not in evidence. The saw was returned to Barnes many months later than the theft. If it could be concluded that appellant and Savage had joint possession of the saw at the time Mrs. Hancock said they sold it to Roy, there is yet no evidence that such possession was *recent* to the time of its theft, so as to justify an inference that appellant (and Savage) stole it. There is thus no evidence sufficient to show that appellant committed any other offense at all. See State v. Summers, Mo., 362 S.W.2d 537, 542 [10, 11], where it was held that evidence concerning other thefts of gasoline committed in the same general neighborhood at about the same time as the offense charged (burglary and stealing twenty gallons of gasoline) was not competent and constituted prejudicial error. See also State v. Mathis, Mo., 375 S.W.2d 196, 198 [1, 2], holding that it was prejudicial error to admit into evidence a burglary at a different place than the one charged. The court said, "The rule permitting the admission of evidence of the commission of another offense, when by reason of time, place or circumstance the acts constituting the other offense are part of the acts constituting the offense charged, or when taken together the acts constitute one continuous transaction (citing cases and authority) cannot extend to the situation here when the commission of the burglary charged was necessarily a completed transaction separate and apart from the commission of a second burglary or unlawful breaking two blocks distant."

The state contends that the error in receiving other crimes was cured by the court's instruction above, and also Instruction No. 6 given at the close of the case. The matters were so inflammatory that they could not be removed by an instruction to disregard them in that they would permit the jury improperly to infer that because there were other theft and burglary offenses appellant must have committed the burglary charged (there being no sufficient evidence implicating appellant in any such other offenses). The error was compounded by Instruction No. 6 which told the jury the evidence of other burglaries and stealing was admitted solely for the purpose of determining whether a conspiracy, agreement and common design existed between appellant and John Savage. The evidence was insufficient to show any conspiracy, agreement or common design, and for this reason State v. Cummins, 279 Mo. 192, 213 S.W. 969, cited by the state for the propriety of the giving of an instruction like No. 6, is distinguishable.

For prejudicial error in the admission of other offenses not relating to the one here charged, the judgment is reversed and the case is remanded for new trial.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., and FINCH, J., concur.

HENLEY, Alternate Judge, concurs in result.

MORGAN, J., not participating.