**STATE of Missouri, Respondent,**

v.

**Steve WEBSTER, Appellant.**

**No. KCD 28249.**

Missouri Court of Appeals, Kansas City District.

July 6, 1976.

Shubert, Hight & Ballew, Harrisonville, for appellant.

John C. Danforth, Atty. Gen., Sheila K. Hyatt, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

PRITCHARD, Chief Judge.

By the verdict of a jury appellant was convicted of the commission of the crime of sale of a Schedule II controlled substance, amphetamine (500 "hits" of "speed"). The court sentenced appellant to 20 years imprisonment in the Department of Corrections in accordance with the jury's assessment of punishment.

The sufficiency of the evidence to establish the sale of the speed is not challenged. It will suffice to say that appellant, by prearrangement, sold the 500 hits to State Highway Patrol undercover narcotics agent, Mack Nations, on November 11, 1974, receiving $125.00 for them.

Appellant's first point is that the court erred in failing to sustain a challenge for cause of venireman Whited because of his extensive close personal and professional relationship with the prosecutor (as argued but not adequately set out in Point I as to why the court erred). There was in the record a direct statement of Mr. Whited in regard to his close relationship with the

prosecutor, and the matter further came up in this manner: "MR. BALLEW: Mr. Whited, in your extensive acquaintance with Mr. Hamilton, do you feel that would be such that it would be difficult for you to sit and render an impartial verdict in this case? VENIREMAN WHITED: No, sir. MR. BALLEW: The fact that you have been close friends with him and, uh, your daughter babysits with him, you don't feel would cause you to be more disposed to listen to the case that he presented and more disposed to the evidence presented by him, than anyone else? VENIREMAN WHITED: *I don't believe so.*" Appellant seizes upon the italicized words under the claim that the answer is equivocal and the court should have sustained his challenge for cause. On this cold record there is no way for this court to determine if the answer meant that Whited had doubt that he could render a fair and impartial verdict because of his personal relationship with the prosecutor, or whether it was his personal manner of speaking and indicated a positive belief that he could render a fair verdict. Whited's voice inflection, his facial expression and movements were before the trial court and were, in the exercise of discretion, for it to determine as to Whited's qualifications as a juror. *State v. Wilson,* 436 S.W.2d 633 (Mo.1969); *State v. Cuckovich,* 485 S.W.2d 16 (Mo.1972); and see *State v. Grant,* 394 S.W.2d 285 (Mo. 1965). Besides, Whited did not serve on the jury and the record does not show that appellant was forced to expend one of his peremptory challenges to remove him from the panel, and therefore a finding of prejudice is precluded. *State v. Daugherty,* 484 S.W.2d 236 (Mo.1972); *State v. Brauch,* 529 S.W.2d 926 (Mo.App.1975), and cases cited. Point I is overruled.

 Appellant's Point II contention is that there was a break in the evidence as to a chain of custody of the plastic bags containing the amphetamine, and that the court therefore erred in receiving the exhibit into evidence. Officer Nation received the 500 hits from appellant; Nation sealed them in an outer plastic bag; and sealed it with a white evidence tape, initialed it, and put the case number on it. The seal was unbroken to the time of trial. Nation then took the sealed container to the Highway Patrol laboratory in Jefferson City and handed it to Miss Niecamp who put it in a locked evidence locker. Markway there removed the bag from the locker, carefully opened it from the other end than where it was sealed, and made tests, determining that the five inner bags contained amphetamine. Markway then replaced the evidence bag back in the locker, and both he and Nation positively identified it at trial. Appellant says the failure of Miss Niecamp to testify that she received the evidence bag from Nation, and to identify it broke the chain of custody. Note that Nation testified that he delivered the bag to Miss Niecamp. Chain of custody was here sufficiently proved as required by *State v. Winters,* 525 S.W.2d 417, 426 (Mo.App.1975); and see *State v. Heather,* 498 S.W.2d 300 (Mo.App.1973), where it was held that it was unnecessary for the state to exclude every possibility of tampering or substitution; to show that some credible person had the exhibit under constant possession and watch; or to show hand delivery. The evidence here clearly provided reasonable assurance that the exhibit was the same and in the same condition as when the authorities first had its possession. *State v. Lemon,* 504 S.W.2d 676, 684 (Mo.App.1973). Point II is overruled.

 By Point III, appellant claims the jury's assessment of punishment is excessive and shows bias and prejudice because (as argued), the prosecutor argued for a sentence of 15 years, and the jury returned a verdict of 5 years more than that. The point is without merit because it is the jury's sole function to assess the punishment, absent a failure to agree or a second offender prosecution. That function will not be disturbed so long as it is within the statutory range of punishment, as it here is. *Shields v. State,* 491 S.W.2d 6 (Mo.App. 1973).

The judgment is affirmed.

All concur.