STATE of Missouri, Respondent,

v.

Freddie Eugene BALL, Appellant.

No. 37878.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 10, 1978.

Motion for Rehearing and/or Transfer
Denied Feb. 14, 1978.

Tofle, Mack & Oxenhandler, Marvin Tofle, Columbia, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, James G. Gregory, Pros. Atty., Montgomery City, for respondent.

CLEMENS, Presiding Judge.

Second-degree burglary of a television appliance store. Defendant's only point on appeal challenges evidence he threatened and assaulted a witness.

Defendant was a friend of state's witness Janiece Preston who lived next door to the burglarized store. She testified that before the burglary defendant and a friend were at her home and said they were going to try to enter the store.

 Defendant challenges Ms. Preston's further testimony that two days after the burglary defendant came to her home and—with a pistol in hand—warned her not to say anything about having heard of his intention to break into the store. She also testified that three days later defendant broke into her home, told her he had seen her talking to a police officer and had given her a black eye.

Defendant relies on the general rule that evidence of other crimes is inadmissible, citing *State v. Reece*, 274 S.W.2d 304 (Mo. 1954). This general rule excepts evidence of other crimes that are "so related that proof of one tends to establish the other." The principle was laid down in *State v. Kilgore*, 447 S.W.2d 544[3] (Mo.1969), and applied to a like issue as now before us in *State v. Corlew*, 463 S.W.2d 836[5] (Mo. 1971) a burglary case where defendant threatened and assaulted potential witnesses. Upholding admission, the court ruled: "It has long been recognized that evidence of threats by the defendant against witnesses against him may be produced in order to establish his guilt on the original charge."

The challenged evidence here tended to show defendant's consciousness of guilt and was properly admitted.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.