**STATE of Missouri, Respondent,**

v.

**Willie GARRETT, Appellant.**

**No. 38668.**

Missouri Court of Appeals,
St. Louis District,
Division One.

March 21, 1978.

Robert C. Babione, Public Defender, Joseph Webb, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., William M. Frain, Jr., Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

A jury found defendant guilty on two counts of possessing narcotics and the court sentenced him to consecutive eight-year terms.

On appeal defendant concedes the sufficiency of the state's evidence of possession but contends the trial court prejudicially erred by admitting irrelevant evidence of police affidavits and a search warrant when he had challenged neither the propriety of his arrest nor the seizure of narcotics.

The substantive evidence was definite. When police officers forcibly entered a house, defendant and others scattered. The police found defendant and another flushing capsules down a toilet. They arrested defendant and found other capsules of "controlled substances" in his pockets. Case made.

For reasons not apparent to us, the state was not satisfied with the quantum of the cited evidence. In its opening statement, in its testimony in chief and in closing argument, statements by counsel and testimony of witnesses, references were made to the challenged affidavits and search warrant.

The arresting officers testified that before arresting defendant they had prepared affidavits concerning narcotics at the address in question, appeared before a circuit judge, swore to the affidavits, and the judge issued the search warrant which was introduced in evidence. At every step, defendant objected to reference to the affidavits and search warrant on the ground of irrelevance.

Two related questions arise. Were the challenged references relevant to the crime charged? If not, was there prejudicial or only harmless error?

■ As to relevancy: In *Crowley v. Crowley*, 360 S.W.2d 293[2] (Mo.App.1962) we held: "Relevancy is the relationship between the offered fact and the fact in issue to such a degree that the existence of the offered fact logically renders probable the existence of the fact in issue." Here, the simple fact issue was whether defendant possessed narcotics. The "offered facts" were the police officers' out-of-court statements that they believed someone at the named address did possess narcotics and that a judge had believed them. Had defendant challenged the police officers' right to arrest him, or to seize contraband in his possession, the offered facts probably would have been relevant. But he did not.

The state now seeks to justify the offered facts by arguing that the officers' possession of a warrant tended "to substantiate the officers' testimony in regard to the circumstances of appellant's arrest." The officers arrested defendant the moment they found him in possession of what they believed were narcotics. The search warrant, being based only on the officers' previously stated beliefs, was utterly irrelevant to defendant's arrest and to the charge of possessing narcotics.

We hold the offered facts concerning the police officers' belief and the circumstances surrounding the issuance of the search warrant did not logically tend to establish the issuable fact that defendant thereafter unlawfully possessed narcotics. The challenged evidence was inadmissible, and we move to the related issue of whether the error in admitting it was prejudicial or harmless.

■ We consider the judicial role in determining on appeal whether the improp-

er admission of evidence was harmless error. For a court to so determine, of necessity it must be able to declare beyond doubt that the tainted evidence did not affect the jury in its fact-finding process. It is, of course, the jury's sole prerogative to believe, or disbelieve, all or part of any item of evidence. An appellate court has no way of knowing—and should not speculate about—what evidence a jury did or did not believe and the extent to which that evidence entered into the jury's decision-making process.[1] The rationale of these principles is capsulized in the judicial pronouncements that "error in the admission of evidence should not be declared harmless unless it is so without question," (*State v. Degraffenreid*, 477 S.W.2d 57[14] (Mo. 1972)), and that the record must "demonstrate that the jury disregarded or could not have been influenced by the evidence." (*State v. Wynne*, 353 Mo. 276, 182 S.W.2d 294[9] (1944)). How can we declare here that the tainted evidence was *harmless without question* or that the jury could not have been influenced by it?[2]

■ The state's evidence that defendant possessed narcotics depended on the jury's accepting as true the testimony of the two police officers. Their credibility or lack of credibility was the key to conviction or acquittal. To buttress that credibility the prosecution showed the officers had previously made affidavits concerning narcotics at the place in issue and that a judge had believed them by issuing a search warrant. Over defendant's repeated objections, testimony of this "boot-strap" tactic was admitted into evidence. It was stressed in opening statement, in testimony and in closing argument.

We hold the state has not shown without question that the error was harmless, that is, that the jury could not have been influ-

enced by it. It follows that the trial court prejudicially erred.

Reversed and remanded.

SMITH, J., concurs.

DOWD, J., dissents in separate opinion.

DOWD, Judge, dissenting.

I respectfully dissent. The defendant was found guilty by a jury of two counts: (1) possession of heroin; and (2) possession of amphetamines and dextroamphetamines and sentenced under the Second Offender Act to two eight year terms to run consecutively.

The point raised by the defendant on appeal is that the court erred in admitting evidence of the search warrant and affidavits of the police officer used to obtain the warrant because such evidence was irrelevant "and caused the jury to improperly infer that the defendant was engaged in some prior illegal activity." [1]

The test of relevancy is whether or not a fact tends to prove a fact in issue or to corroborate evidence which is relevant and bears on the principal issue. *State v. Campbell*, 543 S.W.2d 508, 510[2] (Mo.App. 1976); *State v. Walden*, 490 S.W.2d 391, 393[1] (Mo.App.1973). It is within the trial court's discretion to determine materiality and relevance of evidence, *State v. Martin*, 530 S.W.2d 447 (Mo.App.1975), and doubts as to relevancy of evidence should be resolved in favor of the admissibility of evidence. *State v. Proctor*, 546 S.W.2d 544, 545[4] (Mo.App.1977). I believe the evidence that the officers were executing a valid search warrant when they entered the house was relevant to show the legality of this entry. The legality of the entry may well have been of concern to the jurors, especially when the forceful nature of the entry was revealed to them.

1. For a host of decisions on this principle see 24 B, C.J.S., Criminal Law, § 1915(2), n. 86.

2. The principle was applied in *State v. Banton*, 342 Mo. 45, 111 S.W.2d 516[4–5] (1937), in reversing a conviction because the prosecutor erroneously told the jury over objections that the defendant had taken a change of venue.

1. Defense counsel failed to object to the prosecutor's reference to the search warrant and affidavits of the police officers in the opening statement and final argument. Defense counsel objected when reference was made to the search warrant during Officer Taff's testimony but not during Officer Kientzy's testimony.

The house was entered in the following manner: Detective Taff was looking into the house through a window when his partner Detective Kientzy knocked on the door and stated "Police officers, we have a search warrant". In response to the knock, the people inside the house got up and began running, saying, "It's the heat!" Then, Officer Kientzy struck the door with a sledge hammer, forcing the door open. Once the door was broken in, Officer Taff chased one of the running men through the living room and the bedroom into the bathroom. In the bathroom the officer saw defendant on his knees flushing pink capsules down the toilet. He retrieved some of the capsules from the toilet. Officer Kientzy pursued three other men through the house, and also saw defendant dropping pink capsules into the toilet.

When the facts leading to the arrest of defendant are reconstructed, we are presented with a scene where the door to a house is violently broken down by police officers with a sledge hammer, followed by general pandemonium inside as the officers chase suspects through the house. Under these facts, the jurors may well have questioned whether the officers were authorized to enter the house at all. The existence of a search warrant is both logically and legally relevant to this issue under the normal test of relevancy. I believe the legality of entry is relevant under the facts of this case.

Likewise, the existence of a search warrant which was required to be executed by the breaking in of a door with a sledge hammer, the fleeing of the occupants with the shouting of "It's the heat!", and the flushing of heroin into the toilet by the defendant is relevant to the issue of guilt of the defendant. And as such was admissible.

Furthermore, the search warrant was only admitted into evidence in a limited way. The trial court admitted it with the condition that the hearsay evidence used to obtain the warrant be excluded, and the warrant would not be shown to the jury. It is quite remote that the bare fact that a warrant was issued, without knowledge of what the facts were to support the warrant's issuance, would cause the jury to infer defendant was engaged in prior illegal activity.

The majority opinion cites no authority in support of its conclusion that admission of the evidence of the search warrant requires reversal. My conclusion is supported by the holding in *U. S. v. Buchanan*, 529 F.2d 1148, 1151[2] (7th Cir. 1975), which ruled this identical point. In so ruling, the Court characterized this contention as being "totally without merit". In reference to this contention the Court in *Buchanan* stated at 1151[2]:

> "The defendant contends that the trial judge committed reversible error by permitting the Government to elicit from a government witness the fact that a search warrant had been obtained before entering the post office box rented by the defendant and the fact that a second search warrant had been obtained to search the defendant's home and seize certain items that were admitted into evidence. He states that the evidence regarding the issuance of the warrants was neither relevant nor material. The defendant asserts that: '[this evidence] was also detrimental to defendant in that it gave an aura of judicial credence to the fact that there was information that indicated the guilt of this defendant.' He sums up his argument by saying that since the searches were not in controversy the evidence about them was irrelevant and prejudicial.

> "Defendant's contention is totally without merit. The legality of a search is always relevant and the evidence that search warrants were issued, although perhaps not material in a strict sense, was not prejudicial to the defendant's case. Even should there have been error in the admission of this evidence, it was harmless error."

Even assuming the evidence was irrelevant as not tending to prove possession of narcotics, I disagree with the conclusion that reversible trial error resulted. Irrele-

vant evidence, when not unduly prejudicial or inflammatory, does not require reversal if it was introduced as background information to fill in the narrative of events leading up to defendant's arrest. *State v. Johnson*, 539 S.W.2d 493, 512[36] (Mo.App.1976). The evidence of the search warrant was not unduly inflammatory or prejudicial. As we have stated above, it is highly unlikely that a jury would infer from such evidence that defendant was engaged in prior illegal activity.

In addition, the majority opinion has omitted an important principle from the *Degraffenreid* case. The majority cites *Degraffenreid* for the proposition that "error in the admission of evidence should not be declared harmless unless it is so without question". *Degraffenreid* did not concern the question of relevant evidence. And in *Degraffenreid*, which was decided en banc by our state supreme court, Judge Bardgett, speaking for the court, stated, "error which in a close case might call for reversal may be disregarded as harmless when the evidence of guilt is strong." 477 S.W.2d at 65[15]. Such a rule has been consistently followed by our courts. See, e. g., *State v. Vernor*, 522 S.W.2d 312, 316[3] (Mo.App. 1975); *State v. Belleville*, 530 S.W.2d 392, 395[5] (Mo.App.1975).

In this case, there was overwhelming evidence of defendant's guilt. It could aptly be called a "caught in the act" case. Two police officers saw the defendant dropping heroin into the toilet and five amphetamine pills were found in defendant's pockets after the arrest. If not relevant, I believe the evidence complained of here is harmless under *Degraffenreid* because "the evidence of guilt is strong."

I would affirm the conviction.