STATE of Missouri, Respondent,
v.
Larry PERNELL, Appellant.

No. 40280.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 27, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court April 13, 1979 and
retransferred Dec. 10, 1979.

David M. Johnson, Hayes & Heisler, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Bruce A. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Defendant was convicted of possession of heroin and was sentenced to eight years imprisonment pursuant to the Second Offender Act. In his appeal of the conviction, he cites as error: (1) the admission of a marihuana cigarette (evidence of a separate and distinct crime); (2) the admission of capsules identified as heroin for which the state failed to establish a clear chain of custody; (3) the failure of the state to establish through proper foundation evidence that the tests used to identify the capsules as heroin were reliable; and (4) the failure of the court to dismiss the information based on a violation of the cruel and unusual punishment clause of U.S.Const. Amend. VIII. We affirm.

The state's evidence established that a St. Louis police officer seized five capsules and a hand-rolled cigarette from defendant incident to the execution of a valid search warrant for the seizure of heroin. Officer Jenkins was one of ten men deployed to the suspected premises, a two-family flat occupied by the defendant's mother. Jenkins testified that he was assigned to search the basement, so he headed toward the stairway immediately after the search was announced. He heard the sound of running water and, fearing the destruction of evidence, hurried toward the basement bathroom. Through the open doorway he saw the defendant throwing pink capsules into the toilet. Officer Jenkins arrested defendant and retrieved five capsules which had bounced off the rim of the toilet bowl and onto the floor. Pursuant to the arrest, Jenkins searched his captive and discovered a marihuana cigarette. Defendant was then charged with another violation of the Missouri Controlled Substance Law—possession of marihuana. Jenkins sealed the capsules in one evidence envelope and the cigarette in another. Each of the labels had been previously filled out by a Sergeant Walker who was in charge of the raid and who initialed and returned them to Jenkins for delivery to the police laboratory. Jenkins conveyed the envelopes to the receiving officer of the laboratory, Sergeant Brasser, who noted their code numbers in a record book and pinned a receipt to the evidence envelopes. Though Brasser did not testify at trial, Joseph Stevens, a police chemist, stated that Brasser delivered the envelopes to him for analysis. Stevens described the various tests performed: a screening test and microcrystalline test on the capsules and a microscopic examination and the modified Duqunois test on the cigarette. On the basis of the reactions received, Stevens concluded that the capsules contained heroin and that the cigarette contained marihuana. Though the accompanying laboratory report did not indicate which specific tests were performed, Stevens explained that he was quite sure that the four he described were the ones administered as the report indicated no variance from his normal routine.

■ Defendant first complains that the trial court erred when it admitted into evidence testimony concerning defendant's possession of a marihuana cigarette in his trial for possession of heroin. Generally, evidence of a separate crime is inadmissible unless it has a legitimate tendency to establish the defendant's guilt of the charge for which he is on trial. *State v. Harlston*, 565 S.W.2d 773 (Mo.App.1978); *State v. Ball*, 562 S.W.2d 136 (Mo.App.1978). Yet, the defendant's challenge may be effectively dismissed by this court's decision in *State v. Williams*, 539 S.W.2d 530 (Mo.App.1976). There, it was noted that evidence of other crimes may be admitted to establish ". . . motive, intent, absence of mistake or accident, identity of the accused, or a common scheme embracing the commission of two or more crimes so interrelated that proof of one tends to establish the other." Id. at 534. *See also: State v. Granberry*, 530 S.W.2d 714 (Mo.App.1975). In *Williams*, an undercover policeman posed as a narcotics buyer and requested to purchase heroin from the defendant. The defendant agreed to the sale provided that the police officer use the heroin on the defendant's premises. The officer arrested the defendant, searched the apartment, and found three one pound bricks of marihuana on a table. In response to the defendant's argument that admission of evidence relating to his possession of a quantity of marihuana was prejudicial, it was said:

> * * * the contested evidence here (the marihuana and marihuana pipe) is logically relevant to establish that the defendant's possession of the heroin was with full knowledge of its illegal character. Although proof of possession of marihuana is not ipso facto evidence of knowing possession of heroin, where the two controlled substances and paraphernalia for their use are found at the same time and in the same place in open view, it has a logical tendency to prove a material fact at issue, that is, knowing possession. * * * Id. at 535.

See also the related case, *State v. Williams*, 542 S.W.2d 3 (Mo.App.1976), in which the same defendant was tried and convicted in a second case for possession of marihuana seized in the drug raid. In the first *Williams* case, where the charge was possession of heroin, the introduction of marihuana and narcotics paraphernalia was held proper to establish knowing possession of the heroin. In the second *Williams* case, where the charge was possession of the marihuana also seized and used as evidence in the first case, it was held proper to introduce the heroin and narcotics paraphernalia serving as the basis for the first case conviction of possessing heroin. The two *Williams* cases are directly on point to the issue which defendant has raised here, and for the reasons expressed in both *Williams* cases, we reject defendant's argument concerning the introduction of the marihuana cigarette. The first *Williams* case also refers to a number of cases in which evidence of possession of a different narcotic was held to be logically relevant to prove a defendant's guilt for the sale or possession of another narcotic, e. g., *State v. Tilcock*, 522 S.W.2d 60 (Mo.App.1975), and *State v. McClure*, 504 S.W.2d 664 (Mo.App.1974).

The recent decision upon which defendant relies, *State v. Garrett*, 564 S.W.2d 347 (Mo.App.1978), is clearly distinguishable. Defendant Garrett was arrested when police officers found him flushing capsules down a toilet. Other capsules containing "controlled substances" were found in his pockets. At his trial for possession of narcotics, the defendant was not prejudiced by the admission of other controlled substances, but rather, the admission of police affidavits and a search warrant. While the former could have provided solid and substantial evidence of knowing possession, the latter demonstrated nothing more than that the police believed the defendant possessed narcotics and that the judge was successfully persuaded to agree. ". . . [T]he issuance of a search warrant did not logically tend to establish the issuable fact that defendant thereafter unlawfully possessed narcotics." Id. at 348. *Garrett* does not aid defendant's position.

■ Defendant next contends that the trial court committed plain error when it

admitted the capsules and cigarette into evidence, because the state failed to establish a sufficient chain of custody. Our review of the evidence convinces us otherwise. The state is not required to account for the hand to hand custody of evidence in order to establish the chain of custody nor exclude every possibility that an exhibit has been disturbed. *State v. Lang*, 536 S.W.2d 52 (Mo.App.1976); *State v. McClain*, 536 S.W.2d 45 (Mo.App.1976). Rather, the state must provide a reasonable assurance that the evidence presented has been neither altered nor substituted. *State v. Baines*, 394 S.W.2d 312 (Mo.1965); *State v. Duncan*, 540 S.W.2d 130 (Mo.App.1976). The evidence of continuous possession established by the testimony of Officer Jenkins and police chemist Stevens provides that reasonable assurance, and, under identical circumstances, the Supreme Court has reached the same result. *State v. McCrary*, 478 S.W.2d 349 (Mo.1972). *Accord: State v. Webster*, 539 S.W.2d 15 (Mo.App.1976).

■■ Defendant also complains that the state failed to establish by sufficient foundation that the tests used to identify the capsules and cigarette were reliable and accepted by the scientific community, or that the tests were properly conducted and the results properly recorded. The first part of his complaint is simply refuted by the testimony of Stevens, a qualified expert witness, who testified without objection that the tests performed were generally acceptable to the scientific community. Defendant adduced no evidence to support his assertion that the tests were unreliable, and the qualifications of Mr. Stevens were not challenged. *See: State v. Kuhrts*, 571 S.W.2d 709 (Mo.App.1978). Any question as to the reliability of tests used by the chemist cannot be considered by this court when the tests were not challenged by the defendant in the trial court. *State v. Andrade*, 534 S.W.2d 595 (Mo.App.1976).

■ Defendant also maintains that Stevens' expert opinion lacked the required

factual basis [See, e. g.: *State v. Maxie*, 513 S.W.2d 338 (Mo.1974)], because the chemist could not specifically remember performing the tests which he described in his testimony. Similarly, he argues that the laboratory report upon which Stevens relied provided an inadequate factual basis because it only reflected the results of the tests without specifying which tests were actually performed. Yet, Stevens stated unequivocally that he knew which tests were performed and was positive that no other type of examination was administered:

Q. Even though you had used the other tests in the past you can remember these are the tests you used?

A. I know I did not use them. I don't remember, but I know.

Q. You don't remember, but you know?

A. I made no indication in my notes that I used any other test.

Defendant's contention is again contradicted by the record.

■ Finally, defendant challenges the constitutionality of § 195.020, RSMo 1969, in that it violates the cruel and unusual punishment provisions of the Eighth Amendment, U.S.Const. Amend. VIII. His argument is grounded on *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), holding a California statute unconstitutional which made it a crime to be addicted to the use of narcotics. His claim is that § 195.020, which punishes a person for the possession of heroin, "an earmark of addiction," is also unconstitutional. We find this argument without merit. Prior to the *Robinson* decision, § 195.020, RSMo 1959 also proscribed being or becoming addicted to any narcotic drug.[1] Our Supreme Court recognized the invalidity of such a status crime and held that portion of the statute to be an unconstitutional violation of the Eighth Amendment. *State v. Bridges*, 360 S.W.2d 648 (Mo.1962). However, the portion of the statute which dealt with possession was deemed severable and was preserved as a valid exercise of the state's

1. See, Laws of Mo.1957, p. 682, § 195.020, RSMo 1959 and Historical Notes, § 195.020, V.A.M.S.1969.

police power. The subsequent amendments to § 195.020 have not changed the essential character of the statute which was reviewed in 1962, and we reiterate the Supreme Court's finding of validity.

Affirmed.

REINHARD, P. J., concurs.

CLEMENS, J., dissents in separate opinion.

CLEMENS, Judge, dissenting.

I dissent, and would reverse and remand. This, because the majority opinion condones the trial court's admission of extraneous evidence that defendant possessed a marihuana cigarette, thereby harnessing him with evidence of an uncharged and legally unrelated crime.

The majority relies heavily on this court's case of *State v. Williams*, 539 S.W.2d 530 (Mo.App.1976). I believe that case is too slender a reed to support the conviction here. It runs parallel to ours only in that it concerns the evidentiary admissibility of marihuana possession in a case where the charge was possessing heroin. But as will be seen, the facts in *Williams* are distinguishable. There, the state showed that when officers bought heroin from defendant "the top of defendant's dresser held quantities of heroin in foil packets, some syringes in foil packets, some syringes and a smoking pipe used for and containing marihuana"; and, in the dresser was "a large quantity of marihuana."

The *Williams* court announced the general rule:

"The general principle is well-established that evidence of commission of separate and distinct offenses is not admissible unless it has a legitimate tendency to directly establish the defendant's guilt of the crime for which he is being tried. Evidence of unrelated crimes is inadmissible, because it violates defendant's right to be tried for the crime for which he is charged. *State v. Granberry*, 530 S.W.2d 714 (Mo.App.1975); *State v. McElroy*, 518 S.W.2d 459 (Mo.App.1975). 'It has the misleading probative force of tending to

prove one crime by proving another.' *State v. Martin*, 506 S.W.2d 473, 474 (Mo. App.1974)."

The *Williams* court then declared an "intent exception" to the rule, permitting evidence that was "logically pertinent" since the challenged evidence there tended to prove the defendant's intent to possess the heroin, holding:

"The contested evidence here (the marihuana and marihuana pipe) is logically relevant to establish that the defendant's possession of the heroin was with full knowledge of its illegal character. Although proof of possession of marihuana is not ipso facto evidence of knowing possession of heroin, where the two controlled substances and paraphernalia for their use *are found at the same time and in the same place in open view* it has the tendency to prove a material fact at issue, that is, the knowing possession." (My emphasis.)

The court adopted the state's contention that "the evidence relating to the possession of a large quantity of marihuana by the defendant clearly demonstrates that his possession of heroin was knowing and that such evidence was admissible as part of the relevant facts surrounding the incident." The *Williams* holding is based on evidence of two closely related incidents of narcotics possession, both substances being intermingled in open view. That distinguishes our case because here the acts of possessing two controlled substances were *unrelated, both in time and place.*

Two related issues are before this court. Was the challenged evidence about the marihuana cigarette *relevant* to the charge of possessing heroin? If not, was admitting it *prejudicial or only harmless error?*

"Relevance" was defined in *Crowley v. Crowley*, 360 S.W.2d 293[2] (Mo.App.1962), as "the relationship between the offered fact and the fact in issue to such a degree that the existence to the offered fact logically renders probable the existence of the fact in issue." Thus, fact A is relevant to fact B only when the existence of fact A

tends to render probable the existence of fact B. See *Beiner v. St. Louis Public Service Co.*, 160 S.W.2d 780[1] (Mo.App. 1942), where we held that to determine whether a fact is relevant we must "consider whether or not it may be said to logically tend to establish any fact in issue." In determining relevancy of the evidence now challenged, the marihuana cigarette, I would follow the test declared in *State v. Boyer*, 476 S.W.2d 613[1] (Mo.1972): "Proof of the commission of separate and distinct crimes is not admissible, unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he. is on trial; and that if the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected."

Applying that underlying principle here, I find no logical relationship between defendant's having a marihuana cigarette in his pocket when arrested—and the charged act of previously having been in possession of heroin. Fact A (possessing the marihuana cigarette) did not logically tend to establish fact B (possessing the heroin).

To justify the admission of the marihuana evidence as being relevant, we must be able to say it logically tended to prove the charge of possessing heroin. Compare *State v. Reed*, 447 S.W.2d 533[2] (Mo.1969). A leading case on the admissibility of evidence of another crime and the prejudicial effect thereof is *State v. Reece*, 274 S.W.2d 304[1] (Mo. banc 1954), where the court reversed a murder conviction for error in admitting evidence of a later robbery. The court declared: "The well established general rule is that proof of the commission of separate and distinct crimes is not admissible, unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial." The court said the "acid test" of admitting evidence of the second crime is its logical relevance to prove the earlier, charged crime, and declaring:

"If it [the evidence] is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime. But the dangerous tendency and misleading probative force of this class of evidence require that its admission should be subjected by the courts to rigid scrutiny. Whether the requisite degree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors. Hence, if the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt."

Here, as in *State v. Hancock*, 451 S.W.2d 6[2] (Mo.1970), the charged offense of possessing heroin was "a completed transaction, separate and apart from the commission of a second" offense—possessing marihuana.

In sum, I believe that evidence of the marihuana felony did not logically tend to prove the earlier, completed crime of possessing heroin, and therefore was inadmissible. The natural tendency thereof was to inform the jury of defendant's criminal conduct for which he was not on trial. I believe this was error.

Having concluded that evidence of the marihuana cigarette was inadmissible because irrelevant to the heroin charge, the issue posed is whether admitting the challenged evidence was prejudicial or only harmless error.

I note two instances where the supreme court has reversed convictions for the admission of irrelevant evidence. In *State v. Wynne*, 182 S.W.2d 294[9] (Mo.1942) the prosecuting attorney improperly showed and cross examined defendant about a gun not connected with the charged crime. Despite the trial court's admonition to the jury, the supreme court reversed, holding:

"Error in the admission of evidence 'should not be declared harmless unless it is so without question. *State v. Richards*, 334 Mo. 485, 494, 67 S.W.2d 58, 61.' The record does not demonstrate that the defendant was not injured by the error as by showing that the jury disregarded or could not have been influenced by the evidence."

The court followed *Wynne*, supra, in *State v. Hayes*, 204 S.W.2d 723[1–5] (Mo. 1947). There the state charged defendant with raping a nine-year-old girl in his rented room. On cross examination defendant's landlady was permitted to testify about him "having frequently brought women into his room." Citing *Wynne*, the court reversed, holding: "The evidence, being inadmissible, should not be declared harmless unless it is so without question."

In *State v. Garrett*, 564 S.W.2d 347 (Mo. App.1978) the trial court admitted irrelevant evidence. In reversing, we considered the distinction between prejudicial error and harmless error:

"We consider the judicial role in determining on appeal whether the improper admission of evidence was harmless error. For a court to so determine, of necessity it must be able to declare beyond doubt that the tainted evidence did not affect the jury in its fact-finding process. It is, of course, the jury's sole prerogative to believe, or disbelieve, all or part of any item of evidence. An appellate court has no way of knowing—and should not speculate about—what evidence a jury did or did not believe and the extent to which that evidence entered into the jury's decision-making process. The rationale of these principles is capsulized in the judicial pronouncements that 'error in the admission of evidence should not be declared harmless unless it is so without question.' (*State v. Degraffenreid*, 477 S.W.2d 57[14] (Mo.1972)), and that the record must 'demonstrate that the jury disregarded or could not have been influenced by the evidence.' "

Here, where defendant was charged with possessing heroin, the trial court permitted the state to show the jury that defendant had committed another felony, one that had no logical bearing on the crime charged. The importance of the court's ruling in admitting the marihuana evidence was emphasized to the jury in two ways. Over repeated objections, the state introduced an expert chemist who testified at length that he had meticulously examined the cigarette seized from defendant and it was in fact marihuana. And, in closing argument the prosecuting attorney twice referred to the marihuana cigarette. I do not believe this court can say—as it must to affirm—that the evidence was harmless without question.

Since the challenged evidence was irrelevant and improperly admitted, and we cannot declare it had no effect on the jury, the error was prejudicial and we should reverse the judgment and remand for a new trial.